## Park *vs.* O'Brien.

On the trial of a case of collision between carriages, occasioned, as the declaration alleged, by the negligence of the defendant, in so carelessly and negligently driving and guiding his horse and wagon, near to, and past the horse and wagon of the plaintiff, which was standing on the public highway, that the wheels of said wagon then and there ran and struck, with great force and violence, upon and against said wagon, of the plaintiff, &c., the burden of proof that such collision took place, without any negligence on the part of the plaintiff, which contributed essentially to produce it, rests on the plaintiff, and it is necessary for the plaintiff to show such want of negligence on his part, in order to recover, and the defendant has a right to claim an instruction, to that effect, to the jury.

Where, however, the plaintiff in his opening turn, adduced evidence to disprove any such want of negligence on his part, and the defendant met such proof with evidence, on his part, conducing to show such negligence, and requested such instruction, and the court charged the jury, that if the plaintiff di.' not exercise reasonable care and prudence in leaving his horse unhitched and unattended, he could not recover, and also, that in order to determine whether the plaintiff exercised reasonable care and prudence, they might take into consideration the character, disposition and temper of the plaintiff's horse, and the manner in which he had been trained, as well as all the other circumstances of the transaction; it was held, that such charge substantially complied with such request and was not erroneous.

The question of negligence in such case is one exclusively of fact, for the jury to determine. Therefore, where it was claimed that the court should instruct the jury that, it being admitted that the horse of the plaintiff was a spirited animal, the act of the plaintiff in leaving him unfastened and unattended, was, as a matter of law, a want of ordinary care on his part; it was held, that the court committed no error in leaving the question whether the plaintiff had or had not been guilty of negligence, to the jury.

THIS was an action of trespass, and trespass on the case, there being two counts of the former description, and one of the latter. The cause was brought to the county court for New London county, and tried at Norwich, in February, 1853.

Said latter count, which is the only one material to the present case, alleged "that the plaintiff's horse and buggy-wagon were standing adjacent to the public highway in the town of Preston, and the defendant was also then and there

possessed of a certain other wagon and a certain other horse, driving the same, and which last mentioned horse and wagon were then and there under the care, guidance, government, and direction of the said defendant, who was then and there driving the same, near to, and past the wagon and horse of the plaintiff; nevertheless, the said defendant, then and there, so carelessly, negligently, and improperly drove, guided and governed the said last mentioned horse and wagon, that by the carelessness, negligence, and improper conduct of the said defendant, the wheels of said wagon of the defendant, then and there, ran, and struck, with great force and violence, upon and against the said buggy of the said plaintiff, and then and there upset the same, frightened the said horse thereto attached, which said horse, from the cause aforesaid, then and there ran with the said buggy, crushed, injured, broke to pieces, and nearly spoiled the top, thills, body, running parts, and other parts of the same, and said buggy was thereby, then and there, rendered of no use or value to the plaintiff, and said horse was also, then and there, by means thereof, frightened, wounded and lamed," &c.

On the trial, it was proved that the plaintiff drove his horse, attached to a four-wheeled carriage, to the store of Henry Hewett, in the town of Preston, situate some five or six feet from the public highway, and on a level therewith, and placed said horse so that his head nearly touched the front of said store, and the carriage to which he was attached extended partly across the mouth of an avenue, or recess, leading from said highway to a shed, between said store and said Hewett's dwelling-house. In that position the plaintiff left said horse, unhitched and unattended, and went into said store. It further appeared that said avenue or recess is fifty feet long, and fifty-three feet wide, and in a place where some persons going from Preston to Norwich on business, are accustomed to leave their horses and wagons, and that the defendant's horse and wagon were standing in said avenue, at the time the plaintiff left his horse and car-

riage, .in the situation aforesaid. It appeared also, that between the end of the plaintiff's carriage and said dwelling-house, there was a space of thirty-five feet, unoccupied and unobstructed, which was sufficient for two wagons, like that of the defendant, to have passed into, and out of, said avenue, without the least difficulty. The plaintiff introduced evidence to prove, and claimed that he had proved, that while his horse and carriage were standing in the position, and under the circumstances aforesaid, the defendant, with full knowledge thereof, started, with his horse and wagon, to go from said avenue to said highway, and in so doing, drove his horse so negligently and carelessly, that by reason of such negligence and carelessness, one of the wheels of his said wagon struck a wheel of the plaintiff's carriage with so much force and violence, that said carriage was nearly upset, and one of the thills thereof broken, and that the plaintiff's horse thereby became frightened, ran, upset said carriage, and broke the same in pieces. It was not, however, claimed by the plaintiff, that said acts of the defendant were wanton, or intentional. The plaintiff admitted that his horse was a spirited animal, but introduced evidence to prove, and claimed to have proved, that his horse was perfectly gentle and kind, so that a child of nine years of age had been permitted to drive him, and had driven him without difficulty or trouble, in a carriage; that he had been thoroughly trained, and accustomed to stand at all times, and places, when and where he had been driven, unattended and unhitched; that the plaintiff and the person of whom he purchased said horse had never hitched him, when using him in a carriage, but had always been in the habit of leaving him unhitched and unattended, as he was left at the time the injury complained of was done; that while so left, said horse was never known to become frightened, or move from the place in which he was so left, and that, in leaving his said horse unhitched and unattended, as aforesaid, at the time and place aforesaid, the plaintiff exercised reasonable care and prudence.

The defendant introduced evidence to prove, and claimed that he had proved, that, in passing from said avenue, or recess, to said highway, with his horse and carriage, he was not guilty of negligence, or carelessness, but that, in driving his said horse, he used the utmost care and caution. He also claimed to have proved that the thill of the plaintiff's carriage was not broken at the time, and in the manner claimed by the plaintiff, but was broken, after the horse had run with the carriage, and in consequence of his upsetting the same.

The defendant also claimed to have proved, that the plaintiff's horse was not a gentle and kind horse, but was easily frightened, and had run with the plaintiff, several times before the injury complained of, and that the plaintiff, in leaving his said horse unattended and unhitched, as aforesaid, did not exercise reasonable prudence and care.

The defendant thereupon claimed and requested the court to charge the jury, that if they should find that he was guilty of carelessness and negligence, as claimed by the plaintiff, still, it being admitted that the acts of the defendant were not wanton or willful, the plaintiff could not recover, if he himself did not exercise reasonable care and prudence, in leaving his horse unhitched and unattended, and the want of said care and prudence contributed essentially to produce the injury. The court did so charge the jury, but also charged them, that, in order to determine whether the plaintiff exercised reasonable care and prudence, they might take into consideration the character, disposition and temper of his horse, and the manner in which he had been trained, as well as all the other circumstances attending the transaction.

The defendant also requested the court to charge the jury, that the burden of proving, that the plaintiff exercised reasonable care and prudence, was on the plaintiff.

With this request the court complied, only so far as the aforesaid instructions show a compliance therewith.

The defendant further claimed, and requested the court to

charge the jury, that, it being admitted that the horse of the plaintiff was a spirited animal, the act of the plaintiff, in leaving him unhitched and unattended, was in the judgment of law, not exercising ordinary care and prudence. The court refused so to charge the jury, but instructed them that the question whether the plaintiff exercised ordinary care and prudence, or not, was a question of fact, for them to determine, from all the circumstances in the case.

The jury returned a verdict in favor of the plaintiff; and, the defendant thereupon filed a bill of exceptions, and, by motion in error, brought his case to the superior court, where the judgment of the county court was affirmed. He then, by motion in error, brought the record before this court for revision.

*Adams* and *Park*, for the plaintiff in error, contended,

1. That the refusal of the court to charge the jury, that the burden of proving reasonable care and prudence was on the plaintiff, was erroneous. *Lane* v. *Crombie*, 12 Pick., 177. *Adams v. Carlisle*, 21 Pick., 146. *Parker* v. *Adams*, 12 Met., 415. *Bosworth* v. *Swansey*, 10 Met., 363.

2. That the court erred in treating the question, whether the plaintiff exercised reasonable care and prudence, as a question of *fact*, to be submitted to the jury, and not as a question of *law*, to be determined by the court. *Tindal* v. *Brown*, 1 Term. R., 168. *Spooner* v. *Spoor*, 12 Met., 284.

The law regards leaving a spirited horse unfastened and unhitched in a public street, as want of reasonable care and prudence. *Illidge* v. *Goodwin*, 24 E. C. L. R., 272.

The rule, by which the jury were to determine whether the plaintiff had exercised reasonable care and prudence, as directed by the court, was incorrect.

*Hovey* and *Wait*, for the defendant in error, contended,

1. That the question, whether the plaintiff exercised reasonable care and prudence, was properly submitted to the

jury, as a question of fact, for them to determine; and for this purpose it was not only proper, but necessary, for the jury to take into consideration the character, disposition, temper and training of the horse, in connection with the other circumstances of the case. Stark on Ev., vol. 2, tit. Negligence. *Birge* v. *Gardiner*, 19 Conn. R., 507. *Beers* v. *Hou. R. R. Co.*, 19 Conn. R., 566. *Robinson* v. *Cone*, 13 Law Rep., 444. *Moore* v. *Meyne*, Cowp., 479. *Davies* v. *Mann*, 10 M. & W., 545. *Reece* v. *Rigby*, 6 E. C. L. R., 401. *Mansit* v. *Stanly*, 39 E. C. L. R., 559. *Lynch* v. *Nurdin*, 41 E. C. L. R., 422.

2. The plaintiff having introduced evidence that he exercised reasonable care and prudence, thus taking upon himself the burden of proof upon that point, and the court having charged the jury that the plaintiff would not recover, if he did not exercise such care and prudence, there was no necessity or reason for saying to the jury further, that the burden of proof was on the plaintiff. *Selleck* v. *Sugar Hollow T. Co.*, 13 Conn. R., 453. *Johnson* v. *Blackman*, 11 Conn. R., 342. *Williams* v. *Cheeseborough*, 4 Conn. R., 356. *Church* v. *Rosebeck*, 15 Conn. R., 259. *Dulles* v. *Deforest*, 19 Conn. R., 190. *Robbins* v. *Wolcott*, 19 Conn. R., 356. *Wilkinson* v. *Griswold*, (12 S. & M., 669,) U. S. Dig., 1849, p. 345. *Maston* v. *Fanning*, (9 Mis., 305,) U. S. Dig., 1848, p. 286. *Randall* v. *Parramore*, (1 Branch, 409,) U. S. Dig., 1847, p. 377. *Greenup* v. *Stoker*, (3 Gilman, 202,) U. S. Dig., 1847, p. 377. *Hall* v. *Hall*, (6 Gill. & Johns., 386,) 2 U. S. Dig., 169, § 265.

3. That whether the plaintiff exercised ordinary care and prudence was not a question of law for the court to decide, upon a part, only, of the facts proved or admitted, but was a question of fact for the jury to determine, from all the circumstances of the case. *Dorman* v. *Jenkins*, 2 Ad. & El., 256, (29 E. C. L.; 80.) *Sills* v. *Brown*, 9 Can. & Payne, 601, (38 E. C. L., 245.) *Raisin* v. *Mitchell*, 9 Can. & Payne,

613, (38 E. C. L., 252.) *N. H. S. B. T. Co.* v. *Vanderbilt,* 16 Conn. R., 420.

STORRS, J. The first error assigned, on which the plaintiff in error, the defendant below, relies, is that the county court omitted to charge the jury that the burden was on the plaintiff below, of proving that when the injury complained of was committed, he was in the exercise of reasonable care and prudence. We accord, entirely, with the decisions, cited by him to show that, in this suit, the burden of showing that the injury was not attributable to the want of reasonable care on his part, rested on the plaintiff. The reason of this rule is, that the plaintiff must prove all the facts which are necessary to entitle him to recover, and this is one of those facts. It was necessary for the plaintiff to prove, first, negligence on the part of the defendant, in respect to the collision alleged, and, secondly, that the injury to the plaintiff occurred in consequence of that negligence. But in order to prove this latter part, the plaintiff must show that such injury was not caused, in whole, or in part, by his own negligence; for, although the defendant was guilty of negligence, if the plaintiff's negligence contributed essentially to the injury, it is obvious that it did not occur by reason of the defendant's negligence. Therefore the plaintiff would not prove enough to entitle him to recover, by merely showing negligence on the part of the defendant; but he must go further and also prove the injury to have been caused by such negligence, by showing a want of concurring negligence on his own part, contributing materially to the injury. Hence, to say that the plaintiff must show the latter, is only saying that he must show that the injury was owing to the negligence of the defendant. And as the defendant had a right to have the jury informed, as to what facts the plaintiff must prove in order to recover, he had a right to require the court to instruct them, that it was incumbent on the plaintiff to prove a want of such concurring

negligence on his part. But we are of opinion that this instruction was given substantially by the court below, and in such a manner that the jury could not have mistaken its import. The plaintiff, in making out his case, offered evidence to prove, and claimed to have proved, that when the injury occurred, he was in the exercise of reasonable care and prudence in the management of his horse. He assumed the burden of proving that fact; and when he had rested, this proof was met by evidence introduced by the defendant, tending to disprove, and claimed by him to disprove, such care and prudence on the part of the plaintiff. Upon this part of the case, after the evidence was closed, the defendant requested the court to charge the jury that the plaintiff could not recover, if they should find that he was guilty of negligence, which contributed essentially to produce the injury; and the court charged the jury as requested by the defendant, and also, that in order to determine whether the plaintiff exercised reasonable care, and prudence, they might take into consideration the character, disposition and temper of the plaintiff's horse, and the manner in which he had been trained, as well as all the other circumstances attending the transaction. We think that the jury could not have failed to understand from this charge, in connection with the evidence, on both sides, to which it alluded and was applied, that if the evidence of the plaintiff did not show, or that of the defendant disproved, that the injury was not caused by the want of reasonable care, on the part of the plaintiff, the latter could not recover. The defendant therefore had the benefit, in the charge, of the rule which he requested the court to express to the jury, although not in the precise words in which he requested the court to express it.

The next error assigned, which is relied on by the plaintiff in error, is that the county court did not instruct the jury that, it being admitted that the horse of the plaintiff was a spirited animal, the act of the plaintiff in leaving him unfastened and unattended, was, as a matter of law, a want of

ordinary care on his part, but left it to the jury, as a question of fact for them to determine, from the evidence, whether the plaintiff was, in this respect, guilty of negligence. We have no doubt that this course was correct. The question, as to the existence of negligence, or a want of ordinary care, is one of a complex character. The inquiry, not only as to its existence, but whether it contributed with negligence on the part of another, to produce a particular effect, is much more complicated. As to both, they present, from their very nature, a question not of law, but of fact, depending on the peculiar circumstances of each case, which circumstances are only evidential of the principal fact, that of negligence or its effects, and are to be compared and weighed by the jury, the tribunal whose province it is to find facts, not by any artificial rules, but by the ordinary principles of reasoning; and such principal fact must be found by them, before the court can take cognizance of it, and pronounce upon its legal effect. This is in accordance with, and indeed is only a repetition of, our decision in *Beers* v. *The Housatonic Railroad Company*, 19 Conn. R., 566. If the circumstances, tending to prove negligence, such as was here imputed to the plaintiff below, could, as matter of law, be deemed to constitute or prove such negligence in any case, it is obvious that in the present one, we have not before us the circumstances, or evidence, which the bill of exceptions states to have been adduced on the trial, on that question, by either of the parties, and therefore we have not the means of determining whether the county court erred on this subject, unless we are prepared to say, what indeed the plaintiff in error virtually claims, that the leaving of a spirited horse attached to a carriage, with no other knowledge of his disposition, habits or character, unfastened and unattended by a person, at any time, or in any place, or for any purpose, or for any period of time, or indeed under any circumstances, is to be pronounced, as a conclusion of law, to constitute a want of ordinary care; a proposition which is manifestly absurd.

The argument of the plaintiff in error, in favor of the practicability and propriety of treating the question of negligence as one of law, rather than of fact, is not aided by his reference to that class of decisions in actions upon commercial paper, where courts have pronounced upon the question of reasonable notice of its dishonor, as one of law. They apply only to a very peculiar class of mercantile contracts, and proceed on reasons, founded partly on public policy, and partly on the custom of merchants; principally, perhaps, on such custom, which constitutes the law merchant, by which such contracts are governed, and which has been ascertained by courts, to be in accordance with the arbitrary or artificial rules, which have been as a part of the law merchant, on the subject of such paper, adopted and engrafted into the common law. Viewed in this light, they are plainly inapplicable to the case now before us.

The other grounds assigned for error have been abandoned, and are clearly untenable.

We therefore advise that a new trial should not be granted.

In this opinion the other judges concurred, except ELLSWORTH, J., who was disqualified.