# N. Y. COMMON PLEAS.

THOMAS CAMPBELL, plaintiff and respondent, agt. HENRY KEARNEY and another, defendants and appellants.

Where, in an action for killing plaintiff's horse through the negligence of the defendants' employe, the evidence showed that the defendants' horse, which the employe was driving, caught his tail around the reins, opposite plaintiff's place of business, and began to back, and backed against plaintiff's horse and wagon, standing near the curbstone opposite plaintiff's place, by means of which plaintiff's horse (not being hitched), took fright and ran away, by which it received injuries resulting in its death soon afterwards:

Held, that the question of defendants' negligence, as well as the plaintiff's contributory negligence, having been, as questions of fact, submitted to the jury, and they having found a verdict for the plaintiff, this court would not disturb the verdict, and hold, as matter of law, that the defendant was not guilty of negligence, whatever might be their own views on the subject.

*General Term, March,* 1873.

*Present* DALY, *Ch. J.;* ROBINSON *and* LOEW, *JJ.*

APPEAL from a judgment of the third district court.

This action was brought by the plaintiff to recover the value of a horse belonging to him, which was killed by reason of the alleged carelessness and negligence of the defendants' servant.

On the trial the value of the horse was proved to be from $125 to $150.

The jury found a verdict in favor of the plaintiff for sixty dollars, for which sum, together with costs and extra costs, amounting in all to $81.50, judgment was entered.

The defendants appealed to this court.

JOHN L. LINDSAY, *for defendants and appellants.*
W. C. CARPENTER, *for plaintiff and respondent.*

*By the court,* LOEW, *J.*—It appears that, on a warm day in the month of June, 1871, the defendants' horse, in the act of brushing the flies off his body, and while being driven along Sixth avenue, nearly opposite to the plaintiff's place of business, got one of the reins under his tail, which caused him to become restive, and to move backward, thus coming in contact with the plaintiff's horse and wagon, at that time standing in the street, close to the curbstone, whereby the latter horse was frightened and ran away, in consequence of which it sustained injuries which resulted in its death two days thereafter.

Now, although after a careful perusal of all the evidence in the case, I am not altogether satisfied that the injury complained of was caused by reason of the carelessness or negligence of the defendants' employe, who drove the horse on the occasion referred to, yet, on the other hand, I do not think that the judgment should be disturbed by an appellate tribunal.

On the trial one of the plaintiff's witnesses, who saw the occurrence, testified that he is in the habit of driving horses, and that a horse can be managed notwithstanding he has his tail over one of the reins, and further that the defendants' driver might have stopped the plaintiff's horse from running away.

In this latter view he was corroborated by the testimony of another witness, who also saw the accident and was examined on the part of the plaintiff.

This evidence was sufficient to carry the case to the jury, and they having by their verdict found that the defendants' employe was guilty of negligence, I do not think that we would be warranted in holding, as matter of law, that he was not, whatever our own views might be on the subject.

I also incline to the opinion that, in order to reach a cor-

Campbell agt. Kearney.

rect conclusion whether, in a particular case, a party who leaves a horse standing in a public thoroughfare, without being fastened or attended by any one, is guilty of negligence; the disposition and habits of the animal, the place where and the length of time it is left standing, as well as other surrounding circumstances, must be taken into consideration.

I therefore think that the question whether or not the plaintiff was guilty of contributory negligence was one of fact, which was properly left to the jury for their determination (*Park* agt. *O'Brien*, 23 *Conn.*, 339).

The judgment of the court below should be affirmed.

DALY, *Ch. J.*, and ROBINSON, *J.*, concurred.