ROBERT HALE, Appellant, v. EMMA J. SMITH, Administratrix, etc., Respondent.

In cases where contributory negligence may be claimed, the absence thereof is part of the plaintiff's case, and the burden of satisfying the jury on that point is upon plaintiff.

In an action to recover damages for injuries to plaintiff's horse, let by him to defendant, alleged to have been occasioned by the negligence of the latter, defendant claimed that the horse was vicious, and evidence was given on the trial, on both sides, on that question. The court charged substantially that if the damage was occasioned by a defect in the horse or harness, and would not have occurred if those defects had not existed, defendant was not responsible; also, that if the defendant or his servants were to some extent guilty of negligence, yet if the defect or default in the property did exist, and but for it the damage would not have resulted, plaintiff could not recover. Subsequently the court charged that it was incumbent upon plaintiff to show by a preponderance of evidence that the horse was not vicious; this was excepted to. *Held*, no error; that the burden of proof upon the whole case was upon plaintiff, and it was incumbent upon him to satisfy the jury by a preponderance of evidence that the injury was occasioned by defendant's negligence alone, and that he himself was free from fault contributing to it; that the character of the horse having been assailed by evidence, the burden rested upon plaintiff to sustain it, or to show that it had not contributed to the injuries.

(Argued October 6, 1879; decided November 11, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant, entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought against James H. Warner, the defendant's intestate, to recover damages for injuries to a horse, wagon and harness, hired by him from the plaintiff, and which had been injured while in his custody, as is alleged, by the negligence of himself or of those for whose acts he was legally responsible.

The intestate had stopped at Macedon, where the horse was taken from the wagon, placed in the stable, and when he was again hitched up the intestate took a seat in the wagon in front of the stable, started the horse, which, as

he turned into the street, suddenly jumped, ran away, and the wagon was so broken that it was practically ruined, and the horse and harness injured to some extent. It was claimed on the part of the plaintiff that the hostler had failed to put the bits in the horse's mouth at the time he harnessed him, and the damages resulted from such negligence. After the runaway the ring on the bits of the bridle was found broken, and it was. insisted on the part of the intestate that in his efforts to hold the horse the bits parted and he lost control of him, and the damages resulted from such defects in the bits, and the viciousness of the horse, without fault on the part of the intestate. Subsequent to the trial the defendant died, and the administratrix of his estate, the present defendant, was substituted.

The charge and exception thereto and the evidence bearing thereon, which present the only question considered in the opinion, are sufficiently set forth therein.

*Charles McLouth*, for appellant. The judge's charge was erroneous because it was speculative and not based upon any evidence. (Wait's Pr., 406; *Story* v. *Brennan*, 15 N. Y., 524; *Flood* v. *Mitchell*, 4 N. Y. W'kly. Dig., 166; *Bowden* v. *People*, 12 Hun, 85.) Defendant had the affirmative upon the question of the viciousness of the horse. (*Ernst* v. *H. R. R. Co.*, 35 N. Y., 38; *Connor* v. *Toledo R. R.*, 77 Ill., 391; *Heineman* v. *Heard*, 62 N. Y., 448; *Butterfield* v. *Fowster*, 11 East., 60; *Spencer* v. *Utica R. R. Co.*, 18 N. Y., 248; *Hoffman* v. *Union F. Co.*, 47 id., 176; *Warren* v. *N. Y. C. R. R.*, 44 id., 466; *Lamb* v. *Cam. and Amboy R. R. Co.*, 46 id., 271; *Wycoff* v. *Queens Co. F. Co.*, 52 id., 32, 36; *Fawcett* v. *Nickols*, 64 id., 377–380; *Buchanan* v. *Smith*, 10 Hun, 474–476; *Van Vaulkenberg* v. *Am. Peop. L. Ins. Co.*, 9 Hun, 583; *Wescott* v. *Fargo*, 6 Lans., 319; *Russell Mfg. Co.* v. *N. H. St. Co.*, 50 N. Y., 121–127.) A defendant setting up an affirmative is bound to prove it. (*Williams* v. *Dayton*, 55 N. Y., 368–380; *Seymour* v. *Cagger*, 13 Hun. 29–32; *Welch* v. *N. Y. C. R. R.*, 53 N. Y.,

610; *Cowing* v. *Altman*, 71 id., 435–440; *Roberts* v. *W. P. R. R. Co.*, 48 Calf., 409; *French* v. *Phila. R. R.*, 39 Md., 574; 15 Wall., 401; *Lyon* v. *Rosenthal*, 5 N. Y. W. Digest, 96; *Mallory* v. *Griffey*, 5 id., 512; *Robinson* v. *N. Y. C. R. R.*, 65 Barb., 146, 153, 155.)

*S. B. McIntyre*, for respondent. The burden of proof is upon plaintiff to satisfy the jury that he was free from any contributory negligence. (*Welling* v. *Judge*, 40 Barb., 193; *Schuman* v. *City of Brooklyn*, 29 id., 234; *Fort* v. *Storrs*, 2 id., 329; *Newton* v. *Pope*, 1 Cow., 109; *Brush* v. *Miller*, 13 Barb., 481; *Button* v. *H. R. R. R. Co.*, 18 N. Y., 248.) As to the burden of proof the charge was correct. (*Warner* v. *N. Y. C. R. R. Co.*, 44 N. Y., 466; *Lamb* v. *C. and A. R. R. and I. Co.*, 46 id., 271, 279, 281; *Heineman* v. *Heard*, 62 N. Y., 448, 455; *Reynolds* v. *N. Y. C. and H. R. R. R. Co.*, 58 id., 250; *Hibbard* v. *Haughian*, 70 id., 59; *Banker* v. *Banker*, 63 id., 409; *Cordell* v. *N. Y. C. and H. R. R. R. Co.*, 8 W. Dig., 74.) Plaintiff must prove the negligence of the defendant; and as to his own negligence, if it does not appear by the testimony he gives, he may rely upon the presumption of his innocence, and leave the defendant to answer the presumption by evidence. (*S▬▬▬* v. *Manhattan G. L. Co.*, 14 Abb. [N. S.], 371.)

RAPALLO, J. This case is so fully considered in the opinion of RUMSEY, J., on the motion for a new trial, in which we concur, that we deem it necessary only to refer to the exception to the concluding sentence of the charge, on which special stress has been laid by the appellant on the argument in this court. The judge charged in regard to the viciousness of the horse, that it was incumbent upon the plaintiff to show by a preponderance of evidence, that the horse was not vicious. This charge if standing alone would be subject to criticism, and if the judge had instructed the jury that the failure of the plaintiff to prove that the horse was not vicious, would of itself entitle the defendant to a

verdict, it would have been erroneous. But taking the whole charge, in connection with the evidence, the jury could not have so understood the judge. He had distinctly charged them, that if the damage was occasioned by a defect in the horse or in the harness, and would not have occurred if those defects had not existed, then the defendant was not responsible. Also that if the defendant or his servants were to some extent guilty of negligence, yet if the defect or default of the property did in fact exist, and but for such defect or fault in the property the damage would not have resulted, the plaintiff could not recover.

The jury were thus distinctly instructed that to constitute a defense it was not enough to show that the horse was vicious, but that to exempt the defendant from responsibility the damage must have been caused or contributed to by that circumstance. In the portion of the charge excepted to, there is nothing which withdraws or conflicts with this instruction.

The sentence excepted to relates wholly to the burden of proof on the question of the viciousness of the horse, and not to the sufficiency of that fact alone to constitute a defense. In this aspect it must be construed with reference to the state of the evidence. If there had been no evidence in the case to show that the horse was vicious, the charge might be subject to the criticisms made. But that question was one of the issues in the case, upon which evidence had been adduced on both sides. The burden of proof on the whole case was with the plaintiff, and it was incumbent upon him to satisfy the jury by a preponderance of proof that the injury had been occasioned by the negligence of the defendant's intestate alone, and that he himself was free from fault. In cases where contributory negligence may be claimed, it is settled in this court that the absence of contributory negligence is part of the plaintiff's case, and the burden of satisfying the jury on that point rests upon him. (*Reynolds* v. *N. Y. Cent. R. R. Co.*, 58 N. Y., 248; *Gaynor* v. *Old Col. R. R.*, 100 Mass., 208; *Murphy* v. *Deane*, 101 id., 466;

*Park* v. *O'Brien*, 23 Conn., 339.)   The character of the
horse was the main fact upon which the question of con-
tributory negligence depended, and having been assailed by
evidence the burden rested upon the plaintiff to sustain it, or
to show that it did not contribute to the damage.   (*Button
v. Hudson R. R.*, 18 N. Y., 248.)   If the evidence left the
jury in doubt whether the injury was occasioned by the
fault of defendant's intestate alone, or was caused or con-
tributed to by the viciousness of the horse, the defendant
was entitled to the benefit of that doubt, and the plaintiff
had failed to make out his case.   This is only stating in
another form the proposition that the plaintiff was bound to
prove the controverted facts by a preponderance of testimony.

The judgment should be affirmed.

All concur.

Judgment affirmed.