Judgment reversed and new trial ordered, with costs to abide event.

---

HENRY BRENSTEIN, Respondent, *against* MORRIS MATTSON, Appellant.

(Decided February 6th, 1882.)

In an action to recover damages for personal injuries sustained by the plaintiff, by falling down a hoistway in the building where he was employed by the defendant, it appeared on the trial that the hoistway was in an enclosure with doors opening outward on hinges, but without any railing around it; that the plaintiff knew of the existence of the hoistway, and that it was used daily for hoisting goods; that between twelve and one o'clock of the day he was injured he had seen that the hoistway was closed; and that at about four o'clock in the afternoon of that day, running, in the course of his employment, to answer, through the hoistway, a call from the loft above, not looking to see whether it was open or closed, but looking up instead of down, the doors being open, he slipped and fell through the opening, and so received the injuries for which the action was brought. *Held*, that there was no evidence of ordinary care and caution on the part of the plaintiff sufficient to sustain a verdict in his favor.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

Brenstein *v.* Mattson.

In September, 1879, the plaintiff in this action was in the employ of the defendant at No. 8 College Place, and was at the time about 15 years of age.   Several lofts of the building seem to have been occupied by the defendant.

The place at which the plaintiff usually worked was on the second loft; and on the day in question, very near four o'clock in the afternoon, he was sent down from the second loft to the first loft with some work, and there saw a Mr. Burton, another employe of the defendant.   There was a hoistway upon these premises running through the various lofts, by which the defendant was accustomed to hoist goods in his business, which hoistway was used daily.   After the plaintiff had delivered this work to Mr. Burton, he started to go up-stairs again, and just as he had gotten hold of the bannisters there was a ring from the floor above, and Mr. Burton said to him, " just run to the hoist and answer the bell; see what it is."   He ran to the hoist, and he testifies that when he got there he looked up and slipped and fell down.   The hoist appears to have been enclosed in an enclosure having doors which swung open upon hinges, but had no railing around it.

At the time of this accident the doors were open and they were bringing in certain goods upon the lower floor which were to be hoisted up through the hoistway.   The plaintiff, however, testified that he did not know that the hoist was open and that he supposed it was closed because he had seen it closed between twelve and one o'clock of the day; and he further testified that he was accustomed to look down through the hoistway from the story which he occupied, and that that was the reason that he happened to see that it was closed.   A verdict of the jury in favor of the plaintiff having been rendered, from the judgment thereupon entered this appeal is taken.

*Wm. F. Macrae,* for appellant.

*Christopher Fine,* for respondent.

VAN BRUNT, P. J.—[After stating the facts as above.]— The only question to be considered here is, has the plaintiff

Brenstein v. Mattson.

shown, by a preponderance of evidence, that he was not guilty of any negligence which in the slightest degree contributed to the happening of the accident? for we must assume for the purpose of the decision of this appeal that the failure of the defendant to comply with the statute in reference to the protection of hoistways, is proof of his negligence. It is not sufficient that the plaintiff should prove facts from which either the conclusion of negligence, or the absence of negligence, may with equal fairness be drawn; but the burden is upon the plaintiff to prove that there was no contributory negligence upon his part. This proposition is sustained by the case of *Hart* v. *Hudson River Bridge Co.* (84 N. Y. 56), and is but a re-statement of the decisions of the Court of Appeals in previous cases upon this identical point.

In the case of *Hale* v. *Smith* (78 N. Y. 483), it is held that in cases where contributory negligence may be claimed, it is incumbent upon the plaintiff to satisfy the jury by a preponderance of proof, and it is said that the absence of contributory negligence is part of the plaintiff's case, and the burden of satisfying the jury upon that point rests upon him. Where there is no proof either way upon that subject, the jury cannot find that the plaintiff has established that he has not been guilty of contributory negligence; and the same is true where the evidence renders it uncertain in regard to that subject.

Now what evidence is there in the plaintiff's case going to show that he was not guilty of contributory negligence? What care or caution did he exercise in approaching this hoistway? He knew that the hoistway was there; he had been accustomed to see it; and although the proof is not positive upon that point, the fair inference to be drawn therefrom is that he knew that the hoistway was used for the hoisting of goods; and yet, because he had seen the hoistway closed, between twelve and one o'clock, at four o'clock he rushes to it without looking to see whether it is open or closed, and looking up instead of looking down to see where he was going, he walks right into the hoistway and falls down.

It is difficult to see where ordinary prudence or caution was exercised under such circumstances. We are not at all

left in doubt as to what the inference to be drawn from such circumstances is. In the case in 52 N. Y. (*Totten* v. *Phipps*), the party injured was the occupant of the upper lofts of the building, the first floor of which was occupied by the defendants, in the hall-way of which was a trap-door which went across almost the entire hall-way. This door the defendants had been accustomed to keep shut during the night. The party injured having had occasion to go after nine o'clock to his lofts, entered the hall-way in the dark, and the hoistway being opened he walked into it and fell. The court held in that case that, as matter of law, he was not guilty of negligence because, although he knew the hoistway was there, yet, knowing that it was the custom to close the hoistway at night, he had a right to assume that the hallway was in a fit condition for passage at the time at which he entered ; and that if the deceased had walked into the opening in daylight, he would have been chargeable with negligence within the rule, because the ordinary use of his senses would have prevented it, and he would have been at fault. Applying this principle to the case now before the court, it is clear that if the plaintiff had used his senses and looked to see whether this hoistway was open, he could have avoided the accident, because the evidence shows that the accident occurred because of the assumption upon the part of the plaintiff that the hoistway was closed ; and the counsel for the plaintiff seems to have laid great stress upon the establishment of the proposition that he had seen the hoistway closed between twelve and one o'clock of the day upon which he was injured.

I have been unable to find any evidence of ordinary care or caution upon the part of the plaintiff in approaching this hoistway ; and as the jury had no right without evidence to infer that he had used ordinary care and prudence, their verdict for the want of such proof must necessarily be set aside.

We are of the opinion, therefore, that the case contains no preponderance of evidence going to show, but that if the plaintiff had exercised ordinary care and caution, and had not assumed that the hoistway was closed, instead of looking to

see whether it was open or not, no accident would have occurred. The judgment must therefore be reversed, and a new trial ordered, with costs to abide event.

J. F. DALY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.