Beauford *v.* Patteson.

---

JOHN S. BEAUFORD, Respondent, *against* THOMAS A. PATTESON, Appellant.

(Decided January 21st, 1884.)

Upon the delivery of certain promissory notes by the maker to the payee, the latter gave to the former a receipt therefor acknowledging that he received the notes from the maker " in settlement of his obligation for £125 which I hold in England, and which I agree to return to him cancelled." *Held*, that there was no ambiguity in this instrument which would render evidence to explain or change its terms admissible; and a recovery by the payee upon the notes, founded on such evidence, and without a surrender of the obligation mentioned in the receipt, could not be sustained.

APPEAL from a judgment of the General Term of the Marine Court of the city of New York affirming a judg-

ment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

The action was brought upon two promissory notes made by defendant payable to plaintiff and delivered in settlement of an obligation of defendant's then due, of which plaintiff claimed to be the holder. At the time of the delivery of the notes, plaintiff gave to defendant the following receipt:

"NEW YORK, May 12th, 1876.

"Received of Thomas A. Patteson his two notes of this date at nine and ten months after date for three hundred and forty-three $\frac{75}{100}$ dollars each in settlement of his obligation for £125 (one hundred and twenty-five pounds sterling), which I hold in England, and which I agree to return to him cancelled.

[Signed]        J. S. BEAUFORD & Co.
In Liq."

Other facts are stated in the opinion upon the decision of a former appeal in the case, reported 10 Daly 333. At the new trial ordered by that decision, the jury found for plaintiff, and a motion by defendant for a new trial was denied and judgment for plaintiff was entered on the verdict. From the judgment and the order denying his motion for a new trial, defendant appealed to the General Term of the Marine Court, which affirmed the judgment and order; and from this decision of the General Term, defendant again appealed to this court.

*John M. Bowers*, for appellant.

*L. Laflin Kellogg*, for respondent.

VAN BRUNT, J.—When this case was before this court upon a previous appeal, the evidence tending to explain the receipt or contract given at the time of making the notes in suit was given without any objection, and was treated as part and parcel of the case; but in the record now before

us the admission of this evidence explanatory or changing the terms of the contract was objected to and should have been excluded, unless the contract itself is ambiguous.

We find no ambiguity whatever in the contract. The parties each contracted to do certain things in clear unambiguous terms, and the rights of the parties must necessarily be controlled by the language of this contract. It was error, therefore, to admit any evidence tending to vary its terms, and there was no question whatever for the jury to determine.

This court having already decided that according to the contract the plaintiff could not recover without the surrender of the note agreed to be surrendered, it is not necessary to discuss that proposition anew (*Beauford* v. *Patteson*, 10 Daly 333).

As to the suggestion about the loss of the note after May 12th, 1876, it is sufficient to say that there is no evidence whatever of the fact.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

J. F. DALY and VAN HOESEN, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.