Hyatt, J.
This action was brought to recover damages for an alleged injury, sustained by the plaintiff upon one -of the ferry boats of the defendant, plying between Twenty-third street, North river, and Jersey City.
The injury consisted in the crushing and bruising of the plaintiff’s hand in one of the gates used on the boats of this ferry.
It appears from the evidence that the plaintiff (six years--of age) and her parents were passengers upon the boat; an old mend of the parents, in their company, had hold of the right hand of the plaintiff; the chüd was standing by an iron gate, situated across the bow of the boat; one of the deck hands opened the gate, and the child’s hand was thereby injured; at the time the gate was opened the boat was about entering the shp; at the time of the injury to the child the mother was standing just behind the plaintiff, and the father was near the mother; the gate was opened, the child’s hand injured; the gate was then closed to let her handout.
This is the statement of the evidence as presented by the "plaintiff in his brief.
It is not aE the evidence, however; there is further material proof that the said parties, as the boat was nearing the shore, left the cabin and went to the front of the boat; that they had to pass people in order to get there; the child was standing by the gate; the parties were anxious to get off; the father did not teE the friend not to let the Ettlegirl go near the gate; the father did not see the child have its hand on the gate, nor did the mother; she says she did not see what it was doing with the other hand (meaning the injured hand), and the father said, I could not say *291 whether I saw what the child did with the other hand, or where it was.
There was a sign on the post to which the gate was attached, with the words, “Hands off the gates.”
The gate was opened in the usual way, as the boat was in the act of being attached to the bridge; Mr. Korn, the only witness for the plaintiff besides the parents and doctor, testified that he knew how the gates were opened, and ■ the usual course was pursued at the time of the accident.
The father of the plaintiff was a clerk in a hat store; he had crossed that ferry before this occasion; he saw the gates • and had been aware that these gates had been there for probably a couple of years; he knew how they were worked, and knew that “they closed up so that you could get off.”
This is all the evidence upon a material question decisive of this case, and it is uncontroverted. I am of the opinion upon this evidence, principally adduced by the plaintiff, that the plaintiff’s parents, who had charge and control of her at the time, were guilty of negligence that contributed to the injury.
It is immaterial whether the plaintiff was sui juris or non-sui juris, for the reason that if the former, then she must be regarded as capable of forming a judgment as to whether, if she put her hand on the gate, it might result to her injury—if the latter, then, although not chargeable with contributory negligence per se, yet she cannot recover without proving that her parents, in whose charge she was, did not contribute to the injury. If the question was in the least material under the circumstances, I should unhesitatingly adopt the last situation, for it would be absurd to credit a child of tender years with sufficient intelligence to anticipate and avoid possible danger from the ■operating of a mechanical contrivance like the gate upon this ferry-boat.
It is unquestioned law “that negligence in respect of the duty which is actionable is the omission to do something which a reasonable man would do, or the doing something which a reasonable man would not do; the failure to do what a person of ordinary prudence would have done under the circumstances of the situation, or doing what such a person, under such circumstances, would not have done.”
It is equally well settled that “though negligence,whereby • actual damage is caused, is actionable, yet 5 the plaintiff has himself contributed to his loss, he cannot recover from the defendant,” and “that the affirmative of the issue of negligence on the part of the defendant and of freedom from ■contributive negligence on the part of the plaintiff rests upon the plaintiff.”
The comt of appeals has settled the law in this state. *292 that in cases where contributory negligence may be claimed, the absence thereof is part of the plaintiff's case, and the-burden of satisfying the jury on that point, by a prepon-. derance of evidence, rests upon him. Hale v. Smith, 78 N. Y., 480 ; Moak’s Underhill on Torts, 311, and cases there-cited. These propositions of law are sustained by an unbroken line of decisions too numerous for citation. The rule in this state is, that a child too young to have discretion for himself, cannot recover, if his protector fails to exercise ordinary care. Schouler’s Domestic Relations (3d. ed.), and cases there cited.
In reviewing the evidence in this case in the light of the principles of law, which I have stated, it seems to me impossible to say, that the plaintiff’s parents did not in some-degree, contribute, by their own negligence, to the injury for which she seeks redress. The father testified: “ That, the child was standing by the gate ; that his friend, Mr. Rohrs, had the little girl by the hand to protect her; that, he was right near by and by his wife also ; that he did not tell his friend, not to let the little girl go near the gate;. that he saw Mr. Rohrs have the child’s hand the last time-he saw it; he could not say what the child did with the other hand; he did not know whether she had it on the gate or in her pocket or anywhere ; that at the instant he heard the shriek, he thought he was looking at something else.” The mother testified : “ That the child was standing by the gate, alongside of her friend who had hold of its hand, and that she stood just behind, and that she did not see wha,t it was doing with the other hand.” Mr. Rohrs, the friend, who had the child by the hand, though present in. court, was not called as a witness.
The question is, does not this undisputed evidence establish most clearly that the plaintiff’s parents were not free from negligence that contributed to the injury ? Does it not establish that the parents in fact contributed, by their negligence, to the injury in question ? It seems to me, it does not admit of doubt. The father knowing how the gate-was operated, that the boat was about to be fastened to the bridge—-that his child was standing at the gate, himself, wife and friend immediately next to her—it was clearly negligence on his part, not to look to see where the child’s left hand was. It was clearly negligence, under the circumstances, to allow the child to go up to the gate, and.not to see to it, that she did not put her hand on the gate, which was about to be opened, and which, he said, he knew had t.o be opened, to let the passengers off.
Looking at this evidence, I cannot persuade myself that there was not such a large and unmistakable want of proper *293 care, on the part of the child’s lawful and responsible protectors as should defeat a recovery in this action.
I am of the opinion that the evidence clearly and positively established the contributive negligence of the child’s protectors, and that they failed to exercise even the ordinary care, which the law imposed upon them.
The judgment and order appealed from should be reversed and a new trial ordered, costs to abide the event. HoAdam, J., concurs.