OCTAVUS F. SALMON, Appellant *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

*N. Y. Supreme Court, First Department, General Term, May 12th, 1889.*

1. *Negligence. Railroad Crossing.* In an action to recover for personal injuries on the ground of negligence, the personal representative, before he can recover, must show by circumstances, or otherwise, that there was no negligence on the part of the decedent.

2. *Same. Directing Verdict.* A direction of a verdict for the defendant is justified, not only where the plaintiff fails to prove that the deceased was free from contributory negligence, but where the undisputed evidence tends to show quite conclusively that the negligence of the decedent was the cause of the injury.

3. *Same.* The facts of this case held to show contributory negligence.

Appeal from a judgment entered upon a verdict directed by the court.

*McMahon & Curtin*, for appellant.

*C. D. Prescott*, for respondent.

MARTIN, J.—This action was to recover for personal injuries sustained by the plaintiff's intestate, which resulted in her death, and which were alleged to have been caused by the defendant's negligence. The accident, which resulted in the injuries complained of, occurred at about noon on the 5th day of January, 1888, at the crossing of the defendant's road at James street, in the city of Rome.

The defendant's road crosses the street diagonally at a point 239 feet east of its station. At this crossing defendant has four tracks, which are numbered from the south to the north, one, two, three and four. Tracks one and four are for east-bound trains, and tracks two and three are for west-bound trains. The defendant's road runs along and across the street for the distance of ninety-two feet, while the street is but sixty-six feet in width. The distance from the building on the north side of the defendant's road, and on the east side of James street, to the building on the opposite side of the defendant's road, is nearly sixty feet.

There was a planked sidewalk about five feet in width across defendant's road. There was snow upon the walk, and considerable thrown upon each side, both north and south of the crossing. The defendant maintained gates on both sides of its tracks, but the gates did not extend to the sidewalk on either side. They were in charge of a watchman at the time of the accident.

When the decedent started to cross the defendant's tracks, a passenger train was standing at the station, with its rear car resting on James street, and partially obstructing it. A freight train was approaching from the west, on track number four, and another freight train was also approaching from the west on track number one. As she approached the crossing, and was about to cross, the watch-

man at the gate told her not to go over, as there was some-
thing coming on track one. That she understood him is
shown by her subsequent admissions. She, however, con-
tinued without heeding the warning given her, and passed
over the other tracks for a distance of about forty-three and
three-fourths feet before reaching track one, where she was
struck by a train on that track, and fatally injured. She
was seventy-three years of age, but her eyesight and hear-
ing were good. She was quite smart for a person of her
years, and had resided for about two years south of and but
a short distance from this crossing. She had to cross the
defendant's track to attend church and to do her shopping.
Her direct route was over this crossing, and hence she must
have been familiar with the crossing and the trains running
on defendant's road. If her view was obstructed by the
passenger train standing on track two, still, after passing
that track, she could have seen west for the distance of four
hundred and forty-five feet from that point until she reached
track one.

At the close of the evidence, the court directed a verdict
for the defendant, upon the ground that the evidence did
not show that the plaintiff's intestate was free from negli-
gence which contributed to her injury, and that it was
shown conclusively that she was guilty of contributory
negligence. The principal question involved on this appeal
is the correctness of this decision.

In an action of the character of this, it seems to be
settled that before a party can recover, he must show by
circumstances, or otherwise, that there was no negligence
on the part of the decedent. Wilds *v.* H. R. R. R. Co., 29
N. Y. 330; Warner *v.* N. Y. C. R. R. Co., 44 id. 466; Cor-
dell *v.* N. Y. C. and H. R. R. R. Co., 75 id. 330; Hale *v.*
Smith, 78 id. 480; Tolman *v.* S. B. and N. Y. R. R. Co.,
98 id. 198; Splittorf *v.* State, 108 id. 205, 216; 13 N. Y.
State Rep. 472.

A careful examination of the evidence in this case has

led us to the conclusion that the plaintiff not only failed to prove that the decedent was free from contributory negligence, but that the undisputed evidence tended to show quite conclusively that the negligence of the decedent was the cause of her injury. We think the direction of a verdict for the defendant was justified by the principle of the foregoing and following authorities. Davenport *v.* B. C. R. R. Co., 100 N. Y. 632; Woodward *v.* N. Y., L. E. and W R. R. Co., 106 id. 369; 11 N. Y. State Rep. 169; Young *v.* N. Y., L. E. and W. R. R. Co., 107 id. 500; 12 N. Y. State Rep. 285; Donnelly *v.* B. C. R. R. Co., 109 id. 16; 14 N. Y. State Rep. 29; Powell *v.* N. Y. C. and H. R. R. R. Co., 109 id. 613; 14 N. Y. State Rep. 912; Bomboy *v.* N. Y. C. and H. R. R. R. Co., 47 Hun, 428; 14 N. Y. State Rep. 291; Heaney *v.* L. I. R. R. Co., 20 N. Y. State Rep. 296; Hunter *v.* C. and S. V. R. R. Co., 21 id. 1.

We have carefully examined the plaintiff's exceptions to the admission and rejection of evidence, and have found none that seem to require special consideration, or that would justify a reversal of the judgment appealed from. It, therefore, follows that the judgment herein should be affirmed.

Judgment affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concur.