### REDMOND *v.* ROME, W. & O. R. CO.

*(Supreme Court, General Term, Fourth Department. May 2, 1890.)*

CONTRIBUTORY NEGLIGENCE—EVIDENCE.

> A conductor who, in the day-time, and in a freight-yard with which he was thoroughly familiar, steps from his moving train, and walks along a parallel track without looking behind him, and is injured by an engine coming from that direction, is guilty of contributory negligence, though he was engaged in watching a brakeman throw a switch to conduct the train upon a siding.

Appeal from circuit court, Jefferson county.

Action for damages for personal injuries by Patrick Redmond against the Rome, Watertown & Ogdensburg Railroad Company. The complaint was dismissed, and plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Henry Purcell*, for appellant. *Edmund B. Wynn*, for respondent.

MARTIN, J. We think the appeal in this case should not prevail. The action was for negligence. The relation of the parties was that of master and servant. The accident which was the subject of the action occurred on the 4th day of June, 1886, at or near the intersection of the defendant's road with Arsenal street, in the city of Watertown, N. Y. The circumstances under which it occurred, briefly stated, were as follows: The plaintiff was a conductor upon one of the defendant's freight trains. On the day of the accident he ran his train from Watertown to Gouverneur and return. On his return, between 6 and 7 o'clock in the afternoon, he ran in and switched the cars for the south in the west end of the defendant's yard, leaving two cars and a caboose in the train. When the train reached a point near the water-plug, the engine was detached, and the cars were permitted to run down the grade into that portion of the yard where they were to be switched. The caboose was ahead. As the train reached the point where the accident occurred, the plaintiff stepped off, and, without looking west, walked on or near to a parallel track, and stood there until he was struck and seriously injured by an engine which was backing from the west on that track. The plaintiff was well acquainted with the yard and its tracks, and had been for many years. He passed the engine by which he was injured while his train was backing into the yard. If he had looked in the direction from which the engine came, he would have had no difficulty whatever in discovering its approach, as the track was straight for about a mile. No excuse for standing upon or so near the track without looking to see the approaching engine

was given, except that he was watching a brakeman who was running to throw a switch to let the train in on a branch or siding. The plaintiff claimed that no bell was rung or whistle sounded as this engine approached the crossing; that it was in the hands of a fireman, the engineer having left it; and that the defendant was negligent in retaining such engineer in its employ, as he was an improper person to have the charge or management of an engine, by reason of his accustomed negligence, which was, or should have been, known to the defendant. On ·the trial, at the close of the evidence, the plaintiff was nonsuited.

As we view this case, the only question we need consider is whether the plaintiff was guilty of negligence which contributed to his injury. If the evidence failed to show that the plaintiff was free from negligence, it follows that the court properly directed a nonsuit, as in an action of this character the burden of establishing affirmatively his freedom from contributory negligence is upon the plaintiff. *Hale* v. *Smith,* 78 N. Y. 480; *Lee* v. *Gas-Light Co.,* 98 N. Y. 115; *Tolman* v. *Railroad Co.,* Id. 198. The question of contributory negligence is usually a question of fact to be submitted to the jury; still, there may be such an absence of proof of freedom from such negligence, or the proof thereof may be so strong and convincing, as to make it the duty of the court to direct a nonsuit or a verdict for defendant. If the evidence in this case, either circumstantial or direct, tended to show that the accident occurred without the plaintiff's negligence, a question of fact arose which should have been submitted to the jury. If, on the other hand, the evidence wholly failed to establish the existence of any cause for the accident which was consistent with the exercise of proper care and prudence by the plaintiff, the court properly nonsuited. It has been repeatedly held that it is negligence *per se* for a person to aboard or alight from a moving train, (*Burrows* v. *Railroad Co.,* 63 N. Y. 556; *Morrison* v. *Railroad Co.,* 56 N. Y. 302; *Solomon* v. *Railroad Co.,* 103 N. Y. 437, 9 N. E. Rep. 430; *Hunter* v. *Railroad Co.,* 112 N. Y. 371, 19 N. E. Rep. 820;) or to attempt to cross a railroad track without looking for approaching trains, (*Woodard* v. *Railroad Co.,* 106 N. Y. 369, 13 N. E. Rep. 424; *Young* v. *Railroad Co.,* 107 N. Y. 500, 14 N. E. Rep. 434; *Powell* v. *Railroad Co.,* 109 N. Y. 613, 15 N. E. Rep. 891; *Cullen* v. *Canal Co.,* 113 N. Y. 667, 21 N. E. Rep. 716; *Bomboy* v. *Railroad Co.,* 47 Hun, 425; *Brickell* v. *Railroad Co.,* 12 N. Y. St. Rep. 450;) or to stand between the rails of a side track upon which cars are standing, (*Van Schaick* v. *Railroad Co.,* 43 N. Y. 527; *Toomey* v. *Turner,* 24 Hun, 599;) or to be inattentive to his dangerous position when on the track, whether lawfully there or not, (*Burns* v. *Railroad Co.,* 101 Mass. 50; *Deville* v. *Railroad Co.,* 50 Cal. 383.)

We think the doctrine of the cases cited fully sustains the action of the trial court in nonsuiting the plaintiff. As we have already seen, the plaintiff had been in the defendant's employ for many years, was thoroughly familiar with its tracks at the place of the accident, and the purpose for which they were used. He knew that engines and trains frequently passed over the track upon or near which he stood. With this knowledge, in broad daylight, without looking or in any way attempting to ascertain whether a train or engine was approaching from the west, he stepped from his train, and stood upon or so near the track as to incur the peril of the injury which he sustained. Our general knowledge and common experience leads us to the conclusion that this act was dangerous, and consequently negligent. That it was fraught with danger, the plaintiff must have known, and therefore he was guilty of negligence, unless his action was explained or justified by special circumstances. We find nothing in this case to explain or justify it. Nothing special had arisen which required unusual attention, or which should have induced the plaintiff's inattention to his own safety. No necessity is shown for his constant watchfulness of the movements of his brakeman in throwing the

switch. The act to be performed was a simple one, and presumably the brakeman was competent to perform it. We are of the opinion that the evidence in this case not only failed to show that the plaintiff was free from contributory negligence, or the existence of any cause for the accident which was consistent with the exercise of proper care and prudence by him, but that it established conclusively that he was guilty of gross and inexcusable negligence, which resulted in the injury complained of. These considerations lead us to the conclusion that the court properly nonsuited the plaintiff, which renders it unnecessary for us to examine the other questions presented on this appeal. Judgment affirmed, with costs. All concur.