AGNES DOYLE v. THE DETROIT OMNIBUS LINE COMPANY, LIMITED.

*Negligence— Pleading—Variance—Amendment—Runaway horses— Evidence.*

1. The declaration in a case brought to recover for injuries received by being run over by the defendant's runaway team averred in one count that defendant carelessly and negligently allowed its team to be insecurely fastened, and in the second count that the horses were left unguarded and improperly fastened. No objection was made to the testimony of the plaintiff tending to show that the horses were left unhitched, the question of variance being raised for the first time by an assignment of error. And it is held that, had the question been raised on the trial, an amendment, if necessary, would have been granted, and the assignment cannot be sustained.

2. The testimony of the driver of the team, and that of other witnesses, was positive that the team was hitched by means of a strap and a weight. The plaintiff testified on direct examination that she passed by the team while they were standing by the depot platform, and that they were not fast-

ened. On cross-examination she testified that the only reason why she knew they were not hitched was because the horses stood with their faces towards her; that she meant that they were not hitched to some post or object, and her reason for so stating was that she did not see any post or object to which the horses could have been hitched. And it is held that plaintiff was in a position to see, and that her testimony elicited upon cross-examination is not such as to justify the Court in holding that there was no evidence to show that the team was unhitched.

3. To leave a horse unhitched is to be judged as negligence by considering the temper of the horse, and the particular circumstances under which he was left, and the question is for the jury.

Error to Wayne. (Frazer, J.) Argued April 3, 1895. Decided April 30, 1895.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*Moore & Moore* (*Sidney T. Miller*, of counsel), for appellant.

*James H. Pound* (*John H. Powell*, of counsel), for plaintiff.

GRANT, J. One of the teams of the defendant attached to a wagon or larry was driven to the depot of the Michigan Central Railroad with some merchandise. One of the customary methods of hitching a team is by a strap about 10 feet long, with one end attached to the bit, and a weight of about 25 pounds at the other end. The weight is thrown upon the sidewalk or platform when the team is stopped. Alongside the depot is a platform between three and four feet in height. The driver testified that upon stopping alongside the platform he placed the weight upon it, and was removing the merchandise into the depot. The defendant's barn was a short distance away. While the driver was within the depot, the horses started for some reason, and ran to the

barn. Plaintiff was walking along the street some distance ahead of the horses.   Looking back, and seeing them running towards her, she ran for refuge into the stable.   The horses reached there about the same time, and ran over and injured her.

The declaration contains two counts.   In the first count it is alleged that "defendant carelessly and negligently allowed a team of its horses to be insecurely fastened," and in the second count that the horses were "left unguarded and improperly fastened."

1. It is urged that the declaration negatives the proposition that the horses were unhitched, and that, therefore, no recovery can be had for negligence in leaving them unhitched.   No objection was made to the testimony upon this ground, nor does the record show that the question of variance was raised upon the trial.   Had it been then raised, an amendment, if necessary, would have been granted by the court.   This assignment of error cannot, therefore, be sustained.

2. It is next urged that there was no testimony to sustain the proposition that the horses were unhitched. While the testimony of the driver and others is positive that the team was hitched by means of the strap and weight, yet the plaintiff testified that she passed by the team while they were standing there, and that they were not fastened.   On cross-examination she testified:

"*Q.* You didn't notice whether they were hitched or not?

"*A.* Yes, sir; they were not hitched, and I know they were not hitched because the team stood with their faces towards me.   That is the only reason.

"*Q.* You mean they were not hitched to some post or object?

"*A.* Yes, sir.

"*Q.* And the reason why you know they were not hitched to a post or other object is that there was no post or object to which they could be?

"*A.* I didn't see any."

She was in a position to see, and her testimony elicited upon cross-examination is not such as to justify a court

in holding that there was no evidence to show that the team was unhitched.

3. The court, at the request of the defendant, instructed the jury that there was no evidence that the horses were "vicious, runaway, wild, and unmanageable." There was evidence that they had run away once before, but the court held that this was not sufficient to establish the fact of their runaway character. The court further instructed the jury that it was negligence *per se* to leave such a team unhitched. In this we think the court was in error. This fact should have been left to the jury to determine, under all the circumstances of the case, the surroundings, and character of the horses. *Griggs v. Fleckenstein*, 14 Minn. 81; *Park v. O'Brien*, 23 Conn. 339; *Lynch v. Nurdin*, 1 Adol. & E. (N. S.) 29. Counsel for the plaintiff correctly state the rule in their brief as follows:

"To leave a horse unhitched is to be judged as negligence by considering the temper of the horse, and the particular circumstances under which he was left."

The following authorities they cite sustain the rule: *Kearns v. Sowden*, 104 Mass. 63; *McCahill v. Kipp*, 2 E. D. Smith, 413; *Moulton v. Aldrich*, 28 Kan. 300; and in these the question was left to the jury.

Judgment reversed, and a new trial ordered.

McGRATH, C. J., MONTGOMERY and HOOKER, JJ., concurred. LONG, J., did not sit.