(16 Misc. Rep. 162.)

### LEROY v. NORTH GERMAN LLOYD STEAMSHIP CO.

(Supreme Court, Trial Term, New York County.   February, 1896.)

CONTRIBUTORY NEGLIGENCE—ASSUMING DANGEROUS POSITION.

The right of plaintiff to recover for injuries received by the falling of folding doors used to cover a stairway opening on defendant's ship, while plaintiff was standing with his foot projecting under the rail, and into the opening under the folding doors, is barred by contributory negligence.

Action by Alexander Leroy against the North German Lloyd Steamship Company for personal injuries.   The complaint was dismissed, and plaintiff moves for a new trial.   Denied.

N. A. Alexander and D. C. Calvin, for the motion.
Shipman, Larocque & Choate, opposed.

McADAM, J. In cases of negligence consisting of mere omissions of duty, where no affirmative fault, misfeasance, or wrong is committed by or imputable to the defendant. it is essential to sustain. a recovery to establish that the defendant owed some clear, specific, legal duty to the party injured, and that the breach thereof was the proximate cause of the injury. Gillis v. Railroad Co., 8 Am. Law Reg. (N. S.) 729. The injury of which the plaintiff complains was attributable to two causes: (1) The folding doors intended to cover the stairway opening were, by the action of the sea, thrown down; (2) the plaintiff, by projecting his right foot under the rail, and into the opening, was struck on that foot by the doors, as they descended. The defendant was not bound to anticipate that the plaintiff would place his foot in that unusual position, and was not required to guard against any such contingency. The injury was obviously occasioned by the indiscretion of the plaintiff, and from a cause respecting which the defendant owed him no duty. If the plaintiff had been using the stairway at the time, and the doors had fallen upon him, a different question would have arisen. To occupy exposed positions, which have not been intended or designed for such occupation, may be contributory negligence. Thus, voluntarily occupying a place on the front platform of a car, when there is room inside (Clark v. Railroad Co., 36 N. Y. 135; Bradley v. Railroad Co., 90 Hun, 419, 35 N. Y. Supp. 918), or putting one's elbow or arm out of a car window, without any qualifying circumstances impelling one to it, must be regarded as negligence in se; and, when that is the state of the evidence, it is the duty of the court to declare the act negligence in law (Laing v. Colder, 8 Pa. St. 479; Todd v. Railroad Co., 3 Allen, 18, 7 Allen, 207; Railroad Co. v. McClurg, 56 Pa. St. 294; Railroad Co. v. Schiebe, 44 Ill. 460; Railroad Co. v. Huffman, 28 Ind. 288; Railroad Co. v. Rutherford, 29 Ind. 82; Telfer v. Railroad Co., 30 N. J. Law, 190; Railroad Co. v. Sickings, 5 Bush, 5). The principle underlying all the decisions is that whenever the plaintiff's case shows any want of ordinary care on his part, contributing as a proximate cause to the injury for which he brings his action, his right to recover is thereby destroyed, and the burden of proving the absence of contributory negligence is on him. Hale v. Smith, 78 N. Y. 480; Cordell v. Railroad Co., 75 N. Y. 330; Bradley v. Railroad Co., 90 Hun, 420, 35 N. Y. Supp. 918. Even if the defendant were adjudged guilty of neglect, no injury could have happened from it, if the plaintiff had not directly contributed to produce the result; and the injuries resulting from mutual and concurring negligence are not actionable. "Volenti non fit injuria." The claim for alleged malpractice of the defendant's physician was abandoned at the trial, and need not be considered. The nonsuit was properly granted, and the motion for a new trial must be denied.

Motion denied.