## THE LITCHFIELD COAL COMPANY

*v.*

## MARY A. TAYLOR.

1. PARTY AT LAW—*widow to recover under miners' act.* An action to recover damages for the death of a miner, caused by neglect to observe the provisions of the statute relating to miners, is properly brought by the widow of the deceased. The action is given to the widow and not to the personal representative.

2. Statute—*construed as to repealing special law.* The statute of 1874 entitled "Injuries" does not repeal the 14th section of the act relating to miners. The former act is general, while the latter is special and must control as to all cases specially enumerated therein, and the first, being general, will embrace all other cases.

3. Amendment—*as to parties plaintiff.* Under the Practice Act the court has ample power to allow amendments to be made as to the character in which the plaintiff sues, and this is no ground for a continuance unless the defendant shows by affidavit that he is surprised.

4. Pleading and evidence—*variance.* Where a declaration alleged that the defendant was hoisting coal out of a shaft in its mine at the time the deceased was ascending, and he was killed in consequence of that illegal act, and the proof showed that he had just got upon the cage to be raised when he was killed by the fall of coal, it was *held*, there was no material variance, as the danger was as great as if the cage was in fact ascending at the time.

5. Where a count averred that the defendant used in its mine uncovered cages to hoist out and lower into the mine persons employed to work therein, and that deceased had gone upon an uncovered cage to be hoisted out of the mine, and while upon it was struck by a lump of coal falling down the shaft, and killed by reason of there being no such cover on the cage, and the proof showed that immediately after the accident he was found lying on his back off the cage, with his feet about six inches from it, it was *held*, there was not necessarily a variance, and that even if he was killed while in the act of getting off the cage, this would constitute no variance.

6. Negligence—*when action defeated by contributory negligence.* Where an action is brought to recover for an injury resulting from the negligence of another, which was not wanton or willful, it is an essential element to a recovery that the plaintiff or person injured must have exercised ordinary care to avert the injury, but where the injury has been willfully inflicted an action may be maintained, although the plaintiff or party injured may not have been free from negligence.

7. Where a party is killed, on attempting to ascend from a coal mine, by the fall of a lump of coal, and it appears that the defendant willfully used uncovered cages for the ascent and descent of persons working in the mine, in violation of the statute, which caused the death, a recovery may be had by his widow, notwithstanding the deceased may not have been free from fault and negligence on his part.

Appeal from the Circuit Court of Montgomery county; the Hon. Horatio M. Vandeveer, Judge, presiding.

Messrs. Rice & Miller, and Mr. E. Southworth, for the appellant.

Mr. R. M. Williams, and Mr. E. Lane, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought by Mary A. Taylor, widow of James Taylor, deceased, against the Litchfield Coal Company, to recover damages for an injury received by the deceased, resulting in his death, alleged to have been caused by the willful conduct of the defendant in using uncovered cages for the purpose of conveying the miners into and out of the mine, and in hoisting coal from the mine at the same time the miners were being hoisted from the mine, in violation of the provisions of chapter 93, entitled "Miners," Revised Statutes of 1874, p. 704.

A trial of the cause before a jury resulted in a verdict in favor of the plaintiff for $1500. The court overruled a motion for a new trial and rendered judgment upon the verdict, to reverse which the defendant has taken this appeal. In the commencement of the action appellee sued as administratrix of the estate of James Taylor, deceased. Subsequently, on motion, the court allowed the summons and declaration to be amended so that the action might proceed in the name of appellee as widow of the deceased. This amendment is assigned as error. We are satisfied the widow was the proper person to bring the action. The 14th section of the act expressly authorizes her to bring the suit. Chapter 70, entitled "Injuries," R. L. 1874, p. 582, which authorizes an action in the name of the personal representatives, did not repeal the 14th section of the act entitled "Miners." The former act is general, while the act in relation to miners may be regarded as special, and the latter must control as to all cases specially enumerated in the act itself, while the other act, being general, would embrace all other cases. *Town of Ottawa* v. *Town of LaSalle*, 12 Ill. 339.

In regard to the extent of the amendment, there can be no doubt but the court had ample power under the liberal provisions of section 24 of the Practice Act. *Teutonia Life Insurance Co.* v. *Mueller*, 77 Ill. 22. Nor was the amendment ground for a continuance unless application had been made in the manner provided by section 26 of the Practice Act, sup-

ported by affidavit. That was not, however, done, and the decision of the court overruling the motion for a continuance was proper.

In the first count of the declaration it was averred that appellant hoisted coal from its mine at the time Taylor was ascending, and the deceased was killed in consequence of that illegal act of the company.

The court was requested by appellant to instruct the jury that there was no evidence before them upon the first count of the declaration. This was refused, and, at the request of appellee, the following was given:

"The court instructs the jury, for the plaintiff, that the defendant could not lawfully hoist any coal out of its mine while persons are ascending out of or descending into its said mine, and if the jury believe from the evidence that James Taylor was an employee of defendant in said mine, and that the defendant willfully undertook to hoist said Taylor out of its mine while it was hoisting coal out of said mine, and that thereby the said James Taylor was killed, the jury will find the defendant guilty on the first count of the declaration, if they find from the evidence that the plaintiff is the widow of said deceased."

The appellant claims that the record contains no evidence upon which the instruction can be predicated. We do not so understand the testimony. The evidence introduced tends to prove that the box of coal appellant was hoisting from the mine when the accident occurred was not entirely up when the person in charge of the cage permitted the miners in the mine to go upon the cage for the purpose of being hoisted. James Reeves, in his evidence, says, "The men did not have hold of the box when the coal rolled off. As the top of the coal came through the 'catches' the coal was raked off." When this occurred the miners were upon the cage. They supposed the signal had been given for them to go upon it, and the person in charge of the cage must have so understood it himself, or he would not have allowed them to go upon it. It is true,

38—81st ILL.

the cage had not commenced to go up when the accident occurred, but it was in the act of starting, and the danger proved to be as great as if it had been advancing at the time.

We are satisfied the facts proved were sufficient to justify the submission of the question presented by the instruction to the jury.

In the second count of the declaration it is in substance averred that appellant willfully used in its mine uncovered cages to hoist out and lower into the mine the persons employed to work therein, and that the deceased had gone upon an uncovered cage of the company for the purpose of being hoisted out of the mine, and that while upon the cage for the purpose of being hoisted a lump of coal fell down the shaft, striking the deceased upon the head, which resulted in his death, by reason of the cover being, at the time, off the cage. It is urged by appellant that the proof does not correspond with the averments of the declaration, and hence it was error to give appellee's third instruction, which was predicated upon the evidence introduced under the second count. We have examined the proof with care, and fail to find any substantial variance between the evidence introduced and the declaration.

But it is said Taylor was not on the cage when struck. The proof is, however, clear and explicit that the deceased went upon the cage, and was on it with the other miners when the alarm was given that the coal that produced his death was descending the shaft. It is true, in the confusion and alarm among the miners, no one saw the deceased at the moment he was struck or when he fell, but he was found immediately after he received the fatal blow, lying on his back with his feet some six inches off the cage. The position in which he was found was not inconsistent with the theory that he was on the cage when struck, but even if he was in the act of getting off the cage when he received the blow, such fact would not constitute a variance between the averment in the declaration and the evidence.

The next ground of error relied upon by appellant is the giving by the court of appellee's instruction No. 5, as follows:

"That if the jury believe, from the evidence, that the defendant willfully used an uncovered cage in its mine, for hoisting purposes, and that James Taylor was on such uncovered cage to be hoisted out of such mine, and because of such cage being uncovered the said James Taylor received injuries, from which injuries he died, the jury will find the defendant guilty, provided they shall further believe that the plaintiff was the wife, and now is the widow, of said deceased."

The objection taken to the instruction is, that it excludes from the consideration of the jury the negligence of the deceased, which may have contributed to the injury.

The sixth section of the act required appellant to provide a safe means of hoisting and lowering persons at the mines, with a sufficient cover over head on every box or carriage used for hoisting purposes, for the protection of persons hoisted or lowered into the mines. The 14th section declares: "For any injury to person or property occasioned by any willful violations of this act or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby."

Where an action is brought to recover for an injury resulting from the negligence of another, which was not wanton or willful, it is an essential element to a recovery that the plaintiff or party injured must have exercised ordinary care to avoid the injury, but, as we understand the authorities, where the injury has been willfully inflicted an action may be maintained, although the plaintiff or party injured may not have been free from negligence.

In *Tonawanda Railroad Co.* v. *Munger*, 5 Denio, 255, it is said: "A horse straying into a field falls into a pit left open and unguarded; the owner of the animal can not complain, for, as to all trespassers, the owner of the field had a right to leave the pit as he pleased, and they can not impute negligence to him. But injuries inflicted by design are not thus to be

excused. A wrong-doer is not necessarily an outlaw, but may justly complain of wanton and malicious mischief. Negligence, however, even when gross, is but an omission of duty. It is not designed and intentional mischief, although it may be cogent evidence of such an act. Of the latter a trespasser may complain, although he can not be allowed to do so in regard to the former." See, also, Shearman & Redfield on Negligence, sec. 37; *Sanford* v. *Eighth Avenue Railroad Co.* 23 N. Y. 343.

In *Illinois Central Railroad Co.* v. *Godfrey,* 71 Ill. 500, it was held by this court, notwithstanding the plaintiff was unlawfully upon the defendant's right of way, or not in the exercise of a legal right, and that his own lack of ordinary care exposed him to the risk of injury, yet the defendant might not, with impunity, wantonly or willfully injure him.

In the *Chicago, Burlington and Quincy Railroad Co.* v. *Lee,* 68 Ill. 576, it was said, the cases all go to the length of holding, where a party has been injured for the want of ordinary care, no action will lie, unless the injury is willfully inflicted by the defendant.

In the case under consideration it was the willful conduct of the coal company of which the plaintiff complained, and while the deceased may not have been entirely free from fault, yet, if the jury found, from the evidence, that the willful conduct of appellant resulted in the injury, the verdict would be justified. If we are correct in this view of the subject, the instruction may be regarded, in substance, correct. But even if the instruction was faulty, as claimed by appellant, when the other instructions are considered it is unreasonable to believe that the jury was misled. The other instructions given for appellee require the jury to find that deceased was in the exercise of due care: and in the third instruction given for appellant the jury were directed, that if they believed, from the evidence, the said Taylor did not exercise due care, and that his death would not have happened but for his own negligence, they should find for the defendant. Nor does the evidence justify the theory that the misconduct of the deceased

materially contributed to the injury. His unguarded statements, made to strangers to the company, that he preferred to be hoisted in an uncovered cage, formed no sufficient excuse for appellant to knowingly violate the plain requirement of the statute. It is said, the deceased went upon the cage before the proper signal was given; but he had nothing to do with the signals. The cage was in charge of a person to whom the signal was given for the miners to enter the cage, and it is not reasonable to believe that he would have permitted the miners to enter the cage until after the proper signal was received; the fact is, the deceased, in company with the other miners, supposed the signal had been given, and entered the cage, without objection or remonstrance from the person who had charge of it. If there was fault anywhere, it was with the man in charge of the cage, and not on the part of the deceased.

So far as appears from the record, a fair trial was had, and we perceive no reason for disturbing the judgment, and it will be affirmed.

*Judgment affirmed.*