LUCINDA BURROWS, Respondent, *v.* THE ERIE RAILWAY COMPANY, Appellant.

Plaintiff was a passenger upon defendant's road ; a notice was posted in the car, which she read, forbidding passengers from getting on or off while the cars were in motion. The train stopped at the station where she wished to alight, but before she got to the platform of the car it started. She attempted to get off, with the assistance of B., whom she requested to help her, and was injured. In an action to recover damages for the injuries, *held*, that the injury sustained was either owing to the fact that it was impracticable to descend from the car with safety, in which case she was negligent in making the attempt, or was attributable to the negligence or unskillfulness of the one assisting her, for which defendant was not responsible ; that while it was the duty of defendant to stop for a sufficient length of time to allow its passengers to alight, yet the violation of this duty did not justify plaintiff in exposing herself to danger by getting off while the cars were in motion.

*P. R. R. Co.* v. *Kilgore* (32 Penn., 292) and *Filer* v. *N. Y. C. R. R. Co.* (49 N. Y., 47) distinguished.

(Argued December 10, 1875 ; decided January 18, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department in favor of plaintiff, entered upon an order denying a motion for a new trial, and directing judgment upon a verdict.

This action was brought to recover damages for injuries alleged to have been sustained by plaintiff while attempting to alight from a train upon defendant's road at the depot at Deposit. According to plaintiff's evidence, the train stopped a moment at the station, but before plaintiff could get out to the platform of the car it started. Plaintiff had a band-box and satchel in her hands ; she requested a Mr. Bowen to assist her to alight; he attempted to do so, but both fell to the ground and she was injured. There was a notice posted in the car " that passengers must not get on or off the cars while in motion." This she read a few minutes before she attempted to alight. At the close of plaintiff's evidence, and at the close of all the evidence, defendant's counsel moved for a

nonsuit on the grounds, among others, that plaintiff was chargeable with contributory negligence, and that as Mr. Bowen was acting for plaintiff at her request, his negligence or carelessness contributing to the injury was her negligence. The motion was denied, and defendant's counsel duly excepted.

*O. W. Chapman* for the appellant. Plaintiff was guilty of contributory negligence. (*Gavett* v. *M. and L. R. Co.*, 16 Gray, 501; *Morrison* v. *Erie R. Co.*, 56 N. Y., 302; *Lucas* v. *T. and N. B. R. Co.*, 6 Gray, 64, 71; *Hickey* v. *B. and L. R. Co.*, 14 Al., 432, 433.) Plaintiff, in order to recover, was bound to establish affirmatively that she was guilty of no negligence that contributed to the injury. (*Wilds* v. *H. R. R. R. Co.*, 24 N. Y., 430, 432; *Deyo* v. *N. Y. C. R. R. Co.*, 34 id., 9; 91 C. L. R., 146; 7 Robt., 116; *Damont* v. *N. O. R. R. Co.*, La. Ann., 441; *R. R. Co.* v. *Aspell*, 23 Penn., 147, 149, 151, 152; *Guinon* v. *N. Y. and H. R. R. Co.*, 3 Robt., 25, 31, 32; *Nichols* v. *Sixth Ave. R. R. Co.*, 38 N. Y., 133–135.)

*Arthur More* for the respondent. A carrier of passengers is bound to observe its established and advertised regulations for stopping, and the passenger is supposed to take passage with an understanding from which the law implies an agreement entitling him to the accommodations offered. (2 R. S., 687, § 42; Edw. on Bailments, 600; Ang. on Carrs., § 533; Story on Bailments, 796; *T. W. and W. R. R. Co.* v. *Bradley*, 5 Am. R., 71; 54 Ill., 19.) There was no contributory negligence on the part of plaintiff. (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y., 65; *Newson* v. *N. Y. C. R. R. Co.*, 29 id., 383; *Filer* v. *N. Y. C. R. R. Co.*, 49 id., 47; *Ernst* v. *H. R. R. R. Co.*, 35 id., 27; *Nichols* v. *Sixth Ave. R. R. Co.*, 38 id., 131; *Wylde* v. *No. R. R. Co. of N. J.*, 53 id., 161; *Clark* v. *Kernan*, 4 E. D. S., 21; *Hulbert* v. *N. Y. C. R. R. Co.*, 40 N. Y., 146; 36 id., 39; *Ill. C. R. R. Co.* v. *Abell*, 5 Alb. L. J., 267; *C. and Al. R. R. Co.* v. *Randolph*, 5 Am. R., 60; 53 Ill., 510.) The question of negligence was prop-

erly submitted to the jury. ( *Wolfkiel* v. *Sixth Ave. R. R. Co.*, 38 N. Y., 49 ; *Nichols* v. *Sixth Ave. R. R. Co.*, id., 131 ; *Ernst* v. *H. R. R. R. Co.*, 35 id., 10 ; 39 id., 68 ; 6 Alb. L. J., 210 ; *Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y., 50 ; *Wylde* v. *No. R. R. Co. of N. J.*, 53 id., 160 ; *Barton* v. *R. R. Co.*, 3 Am. Railway R., 482 ; *Eaton* v. *R. R. Co.*, 51 N. Y., 544 ; 58 id., 455 ; *Dickens* v. *N. Y. C. R. R. Co.*, 1 Keyes, 23.)

Rapallo, J. It is beyond question that the injuries sustained by the plaintiff were caused by her attempting to descend from the platform of the car while the car was in motion. She was not thrown from the car, nor injured by it, nor was she induced by any employe of the defendant to make the hazardous attempt which resulted in the injury complained of. On the contrary, she was warned by the defendant, by means of the notice posted in the car, and which she had read but a few minutes before getting off, that " passengers must not get on or off the cars while in motion." At the place where she endeavored to get off there was no raised platform, but it was necessary to step down from the platform of the car, upon the planks laid on the track level with the rails. According to her own testimony, she went out upon the platform while the train was moving. After she had gone out, the train being still in motion, an acquaintance named Bowen got on the step of the car as it passed him ; she requested him to assist her off, which he did by putting his arm around her, lifting her and stepping backward. In doing this he fell upon the planks on the track and she fell with him, the car being all this time in motion. She was an elderly lady, sixty years of age, and was incumbered with a satchel and bandbox. For the injuries resulting from this fall she brings this action.

In attempting to leave the car in the manner described, the plaintiff acted upon her own responsibility and at her own risk. She cannot justly claim that the defendant is responsible for the consequences of her experiment, especially when it was in direct violation of the regulation of the defendant,

which had been brought to her knowledge immediately before the occurrence. The injuries she sustained must have been owing to the fact, either that it was impracticable under the circumstances to descend from the car with safety, or that Mr. Bowen was unskillful or negligent in the manner in which he endeavored to take her off. If the descent was dangerous the danger was obvious, and she was negligent in making the attempt. If the fall was attributable to any carelessness or want of skill or judgment on the part of Mr. Bowen, she, and not the defendant, was responsible for his default. He was in no way connected with the defendant, and was acting wholly at the request of the plaintiff.

It is claimed, on the part of the plaintiff, that the place where she got off was the station to which she was destined, and that the train did not stop long enough to enable her to alight, and that this justified her in getting off after the cars had started.

Railroad companies are unquestionably bound to stop at the stations for which they have received passengers a sufficient length of time to enable passengers, using due diligence, to alight with safety and convenience. If they violate that duty they are responsible for the natural consequences of such violation. If a train should start while the passenger was in the act of alighting, and the passenger was thereby injured without being guilty of any contributory negligence, the company would, of course, be liable. Or if the train should start before the passenger had had a sufficient opportunity to alight safely, and he was consequently obliged to continue on to the next station, the company would be liable for the expense, loss of time, or other damages which the passenger might sustain, but the fault of the company in omitting to allow sufficient time to alight with safety, does not justify the passenger in imprudently exposing himself to danger by getting off the cars while in motion. The cases in which a recovery has been allowed, notwithstanding that the passenger undertook to leave a car while in motion, are exceptional and depend upon peculiar circumstances. In

*Penn. R. R. Co.* v. *Kilgore* (32 Penn. St., 292), the train started while the plaintiff, a female, and her three young children were engaged in alighting. Two of the children had alighted and one of them had fallen, and the plaintiff, with the other child, while the cars were in the act of starting, sprang upon the platform and fell and was injured. In *Filer* v. *N. Y. C. R. R. Co.* (49 N. Y., 47), the cars, as they approached the station which was announced, moved very slowly but did not stop. The plaintiff was waiting on the platform of the car and the company's brakeman said to her: "You had better get off, they are not going to halt any more." In doing so her clothes caught and she was injured. In the present case none of these exceptional circumstances appear. The plaintiff, on her own showing, was on the platform when the train had started and was in motion, and was in a situation to choose between getting off and remaining on. The car had moved some distance before Mr. Bowen got on, and then the plaintiff deliberately requested him to assist her off, and suffered him to take her and her baggage in his arm to lift her off the car. There was no such sudden emergency as in the case of Kilgore, nor was there any direction or invitation from any agent of the company to alight while the cars were moving, as in the case of Filer. The present case is more analogous in its circumstances to that of *Morrison* v. *The Erie R. Co.* (56 N. Y., 302), than to any of the others cited, and the decision in that case ought to govern this. The cases of *Gavett* v. *M. and L. R. R. Co.* (16 Gray, 501), and *Lucas* v. *N. B. and T. R. R. Co.* (6 Gray, 64), are also in point.

We think that the motion for a nonsuit should have been granted. The judgment must, therefore, be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.