## The H. & T. C. R'y Co. v. James L. Leslie.

### (Case No. 3088.)

1. DAMAGES.— If a disease causing suffering or permanent injury results proximately from personal injuries inflicted by the negligence of a railway company, the suffering caused by that disease constitutes an element in estimating damages; nor is this rule affected by the fact that such a disease would not ordinarily result from the original personal injury inflicted.

2. CONTRIBUTORY NEGLIGENCE.— A passenger on a railway car who leaps from it when the train is in such rapid motion as to render the act manifestly unsafe, cannot recover damages for the personal injuries suffered by his thus leaping from the car; nor are his rights affected by the act of the employees managing the train, in not stopping at the depot where the passenger stepped in the car the five minutes required by statute, whereby he was being carried away without his consent.

APPEAL from Grayson. Tried below before the Hon. J. M. Lindsay.

This suit was brought by James L. Leslie, against the appellant, claiming $20,000 as damages on account of injuries sustained by him, and caused by the negligence of the appellant's employees, who were in charge of and conducting the passenger train of cars on the defendant's line of road, which injuries were received at Van Alstyne, a station on that road. The circumstances attending the occurrence of which the plaintiff complains are, in substance, that on the 26th day of April, 1874, at said station, he entered a passenger coach on the express train bound south, for the purpose of procuring seats for some ladies under his charge, and that whilst petitioner

was so engaged the train was put in motion, leaving the station; and petitioner, in his efforts to get off the car, without any fault of his own, was hurled to the ground, and his left arm broken in two places. The petition alleged that the train of cars was not stopped at the station the time required by law, nor was it stopped a sufficient length of time to permit persons to leave the train and alight in safety; that the ladies referred to had paid their fare and received their tickets for passage, and were at the usual place for passengers to get on the train; that neither the conductor of the train, or any other person in the employment of the defendant, offered to assist the ladies in getting on the train, wherefore petitioner entered the passenger coach to assist them, and for the purpose of securing proper seats; that the train was put in motion by the employees in charge without having stopped at the station before named exceeding one minute; and that by the gross negligence of the employees of the defendant in thus moving said train, and without any fault of petitioner, the injuries were inflicted upon him. The plaintiff alleged that the ladies under his charge were in feeble health, and had some children with them, thus requiring his aid; that when the train was started, the agents of the defendant knew that the plaintiff was on board, and that he desired to get off, and that he had entered the cars under the circumstances stated, with the knowledge and consent of the defendant's agents who were conducting the train.

The defendant answered by general denial, and for special answer alleged that the plaintiff's entrance into the defendant's coach was without authority; that the train stopped a sufficient length of time to enable plaintiff to have left the car safely, before the train moved; that he remained until the train commenced to move, and, when it was in rapid motion, without demanding that the train be stopped, leaped from the steps of the car, and thereby received his injuries; and that the plaintiff was warned before thus leaping, by one of defendant's employees, not to do so, which warning he wholly disregarded.

The cause was submitted to a jury. Verdict and judgment for the plaintiff for $900.

The grounds relied on for a new trial were, 1st, the court erred in refusing charges asked by the defendant; and 2d, the verdict of the jury is contrary to the law and to the evidence, and because it is excessive.

The appellant assigns as error the refusal to give the charges asked for by him, and the overruling of the motion for a new trial.

*Geo. Goldthwaite*, for appellant.

*Bledsoe & Head*, for appellee.

WALKER, P. J. COM. APP.— The first ground assigned as error, that the court erred in refusing to give the instructions asked by the defendant, is answered by saying that the charge of the court embodied them all, except the fourth and last paragraph, in the very terms in which they were asked, with a few qualifications, which did not improperly modify the propositions to which such qualifications were applied.

The law as given embraced substantially all the propositions asked to be submitted in the charge which the defendant asked to be given, and which was refused, except the fourth paragraph before referred to. The only portion of the paragraph referred to which need be discussed is as follows: " If you believe, from the evidence, that the permanent injury to plaintiff was occasioned by erysipelas, or other disease not ordinarily consequent upon such fracture as plaintiff received, then you will not consider the suffering or injury arising from such disease in estimating the damages to the plaintiff."

The court did not err in refusing this instruction. The liability of the defendant is measured by the fact that the injury received follows proximately from the culpable act complained of, and if the erysipelas sprung from the injury, the dangers from that disease, as well as the sufferings produced by it, constitute a portion of the injury itself, and it is none the less so because, under similar accidents producing fractures, that disease would not ordinarily ensue.

We will next consider whether the verdict of the jury was contrary to the law and the evidence. The plaintiff rests his right to recover damages for the injury occasioned by his leaping from the cars whilst in rapid motion, not upon the assumption that his act in so doing was one done in the exercise of ordinary care on his part, as the sequel evidently showed, but that the defendant was liable for the consequences in damages which followed from his thus leaving the cars, by reason of the unauthorized act of the defendant in stopping but one minute only at the station, and thereby presenting the motive and temptation to the plaintiff to hazard his life or limbs by an effort to avoid being carried away, against his will, from his home in Van Alstyne.

The plaintiff's action in the premises being thus the direct and proximate cause of the injury, as is shown both by the pleading and evidence, and it appearing clearly from the facts proved that leap-

ing from cars in motion is unsafe and dangerous, it follows that the plaintiff contributed, by his want of care, to the casualty which occurred.

The question then remains, Do there exist any facts, or is there presented a state of case, on which, notwithstanding the plaintiff's contribution to his own misfortune, showing that the defendant is nevertheless liable for damages in consequence of the injury?

The court instructed the jury as follows:

" The plaintiff was bound, in leaving the cars, to take proper care and precautions to prevent injury; and he cannot recover if it appears from the evidence that in leaping from the cars he acted recklessly, carelessly or negligently, and thereby contributed to his injuries. When the plaintiff found the cars in motion, it was his right to demand of the officers or managers of the same to stop the train, and if he had been carried from his home or place of business, he could have recovered compensation for returning, and all damages that he might have sustained on account of being so carried away from his home and business. But he had no right to endanger his life or limbs by jumping from the cars in order to prevent being carried away from home, when he found that the car was in motion; and if it appears that he did so jump, and that the injury complained of was the result, you will find for the defendant.

" If you believe from the evidence that the plaintiff, being on defendant's cars without a ticket, and not a passenger, did leap from said car while the train was in rapid motion, and that his injury was caused by said leaping from the train, then the defendant is not responsible for such injury, and you will find for the defendant."

Under these propositions of law, the evidence, without conflict, negatives the plaintiff's right to recover; and the verdict was therefore distinctly contrary to the charge thus given.

There is no evidence showing any other connection of the defendant's agents with the accident, except such culpability as may be implied from the short period of time the train of cars remained at the station; and if the defendant is not liable on account of its failure to stop at said station five minutes, as required by law, or to have stopped at least a reasonable time, with reference to admitting passengers to board the train, there would exist no basis whatever for complaint in this case against the defendant.

The dereliction of the company to stop the five minutes required by law was not *per se* an act rendering the defendant liable, irrespective of the question of contributory negligence on the part of the plaintiff. Railroad Company *v.* Le Gierse, 51 Tex., 189. In

that case it was held that "while the company may have been guilty of negligence in not waiting five minutes at the station, such negligence would not justify the injured party in attempting to get on board the cars while in motion, if such act, under the circumstances, was negligence and contributory to the injury." The act of the plaintiff which resulted in the injury being a dangerous one, so much so as to have wholly produced the fractures of plaintiff's arm, and one not immediately induced through the persuasion, direction, command, or other influence attempted to be used by the defendant's agents, there is not apparent any circumstances to have operated upon the plaintiff's mind when he met with this accident, except his ill-judged determination to risk the consequences of the fatal leap. Therefore, applying the principles of law laid down in Railroad Company *v.* Le Gierse, *supra*, the plaintiff's case, according to the evidence, did not entitle him to recover.

"The rule," it is said in 6 Wait's Actions and Defenses, p. 583, "may be said to be, that a person cannot recover for an injury received by reason of the negligence of another, if his own want of care directly contributed to the injury; for where one rushes upon danger, which might have been avoided by the exercise of ordinary care on his part, he cannot complain if others have failed to exercise a greater degree of care than he did. But in order to shield the other from liability, the person injured must have not only been negligent, but his negligence must have been *the proximate cause* of the injury. He must, by his own want of care, have *directly contributed* to the injury. That is, by his own want of ordinary care, he must have done that which has directly brought it about, and thus have placed himself or his property in a position where, except for his co-operative fault, no injury would have been sustained; and his act must have also been such as a man of ordinary prudence would not have done in view of the circumstances. Otherwise he cannot be charged with that degree of negligence which operates to excuse the other from the consequences of his fault." Citing numerous authorities.

And again, *ibid.*, 584: "To ·operate as a defense, the plaintiff's negligence must have *proximately* contributed to the injury. If the negligence of the defendant was the *proximate*, and that of the plaintiff the *remote* cause of the injury, an action will lie although the plaintiff was not entirely free from fault. The fact that the plaintiff is guilty of negligence does not relieve the defendant from using all reasonable care to prevent an injury to him or his property; and if he inflicts a willful injury, or neglects to use reasonable care to prevent it, he cannot set up the plaintiff's negligence as a bar to

the recovery therefor." Citing 75 Ill., 106; 51 Miss., 234; 28 Ohio St., 340; 81 Ill., 590; 11 Hun (N. Y.), 333.

A passenger upon a steam car, who voluntarily and without cause exposes himself to danger, cannot recover for injuries sustained by such exposure; as if a passenger attempts to get on or off a car when it is in motion. Burrows v. Erie R. R. Co., 63 N. Y., 556, where it is said that this seems to be the rule even though the train has stopped, but started again before the passenger could alight. *Ibid.* And the fact that the passenger is being carried by the station at which he wishes to alight will not excuse his act. Mettlestabt v. Ninth Av. R. R. Co., 4 Rob. (N. Y.), 377; Jeffersonville R. R. Co. v. Hendricks, 26 Ind., 228. If the car is in rapid motion, or the circumstances are such to indicate that it is dangerous to alight, neither the advice or directions of the conductor will justify the act. Guinon v. N. Y. & H. R. R. Co., 3 Rob. (N. Y.), 25; Penn. R. R. Co. v. Aspell, 23 Pa. St., 147.

Other similar instances of non-liability for injuries sustained through the incautious or imprudent acts of passengers on railroad cars can be readily multiplied. The act of the plaintiff in this case, whereby he sustained the injury complained of, is of the character of the class above instanced; and the plaintiff, when he found himself safely on the defendant's cars, although being rapidly carried away unwillingly from home, was required under the circumstances to act with prudence the same as would be required of any other passenger; and whilst the defendant was not without fault, that fault of too speedily leaving the station did not endanger the personal safety of the plaintiff, and in its very nature could not be the proximate cause of the injury which the plaintiff received through his own direct act, and which was the proximate cause of said injury. See Railroad Company v. Le Gierse, *supra.*

It is true that "it is not the least degree of fault on the part of plaintiff that will prevent him from a recovery; but it must be such a degree as to amount to a want of ordinary or reasonable care on his part, under the circumstances at the time of the injury." H. & T. C. R'y Co. v. Gorbett, 49 Tex., 573. But in this case the fault or negligence which caused the injury was the act itself which produced it, and which was committed by the plaintiff without any other fault of the defendant than that which was but the remote cause which influenced the plaintiff's action.

We are of opinion, therefore, that the second ground of error assigned is well taken; that the verdict is not supported by the law as applied to the evidence, and that it is contrary to both. In such

case it is the well established practice of the supreme court to revise the discretion of the district court refusing to grant a new trial. We think there was error in overruling the defendant's motion for a new trial, for which the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 2, 1882.]