Opinion by
White, P. J.
§ 7 7 6. Contributory negligence; attempting to board a moving train; case stated. Appellee sued appellant to recover damages for injuries sustained by his wife, Laura Gorman, while attempting to board one of its trains as a passenger. He recovered judgment for $100 and costs. The defense was contributory negligence on the part of Laura Gorman. The facts as shown by the evidence are, that on the 19th of June, 1884, Laura Gorman, desiring to go to Hearne, in company with an excursion party, to celebrate Emancipation day, procured a ticket at Franklin, over appellant’s line of railway. When the train arrived at Franklin, plaintiff and his wife were about seventy-five yards from the depot. ■ They started rapidly for the train, but Laura was somewhat retarded by falling into a ditch; She got up, however, and arrived at the front end of the ladies’ coach, where the crowd were getting on the train. Just as she reached this point the train started. Her husband put her valise on the train, but there was such a crowd of people getting on that she could not get on there, though she tried and caught hold of the railing, but it pulled loose. • She then waited until the rear end of the sleeper came opposite her, when she again seized hold of the railing of the car and endeavored to pull herself aboard; the train having by this time gotten under good headway. The porter on the car caught hold of one of her hands and tried to assist her, while her husband also tried to help her on to the car. In this position the parties continued for forty or fifty yards, the speed of the. train increasing all the time. Her husband could not keep up with the train, and let go his wife, and the porter also let go his hold upon her, and she fell. Laura testified, “ the train got so fast Cal *680 vin let go, and the porter, who then had hold of my hand, told me I had better let go or I might get killed; then I let go and fell, and hurt myself. I tore my dress, which was a new dress, fourteen yards in it, cost forty cents a yard, and $6 to make it. Bursted a hole in one shoe; the shoes were new and cost $3.50. My shoulder was hurt so that I could not use my right arm much for a month or more. My right side was bruised from my shoulder to my ankle. I did not have a doctor, but got medicine from one. I am not entirely well yet. I was well and active before I was hurt. I have never got on a train often. I never did try to get on a train in motion before.” It was proved that the train stopped at the depot the usual length of time. Held: It is clear from the evidence that the train had started and was in motion when Laura Gorman arrived and tried to board it. It is not shown that the conductor or employees operating the train saw or knew, or by the use of ordinary diligence would have seen and known, before the train started, that she wished to take passage on it. The train being in motion when she attempted to board it, and she being a woman unaccustomed to getting on trains, we are of the opinion that she was guilty of contributory negligence.
§777. Same; prevents recovery, when. The rule is, that a person cannot recover for an injury received by reason of the negligence of another, if his own want of care directly contributed to the injury; for where one rushes upon danger which might have been avoided by the exercise of ordinary care on his part, he cannot complain because others have failed to exercise a greater degree of care than he did. [Ante, §§ 138, 207.] In R. R. Co. v. Leslie, 57 Tex. 83, it was held that the fault of the company in not stopping at a station the length of time required by law will not justify a passenger, or other person, in attempting to get off a rapidly moving train. It seems to us that the rule should be the same where a party attempts to get on a rapidly moving train. In *681 either case, the party’s contributory negligence, in case of injury, should defeat his recovery therefor. A case, in most respects similar to the one before us, is thus stated by Mr. Thompson: “Plaintiff, having purchased his ticket, attempted to get upon the cars while slowly passing the station. The platform and steps were so full that he could only get upon the lower step. A jerk of the cars threw him off, but he held on to the iron rod and ran along with the cars, endeavoring to recover his position on the step, although the speed of the train was increasing, when he was struck by a platform near the track, and was injured. No evidence was given to prove facts explaining or justifying this negligent and reckless conduct, and a non-suit was held proper.” But, says the author, “it cannot be said that, under all circumstances, an attempt to board a train when in motion will constitute negligence as a matter of law.” [Thompson on Carriers of Passengers, 226.] And again, on page 267, this author says: “The conduct of a passenger in running after or alongside a rapidly moving train, and endeavoring to leap or climb upon it, is, in general, an indication of such recklessness that he cannot recover for injuries received in the attempt.” But he further says, “the mere fact that the train is distinctly moving or under way does not in every case make it negligence in law to make the attempt; especially where, by reason of the negligence of the train-men, a reasonable opportunity has not been given to get on.” Under the law and the facts of this case, we are of the opinion that appellee was not entitled to recover damages by reason of the contributory negligence on the part of his wife.
June 20, 1885.
Beversed and remanded.