St. Louis Southwestern Railway Company of Texas v. R. P. Highnote.

No. 1421.   Decided May 8, 1905.

### 1.—Passenger—Negligence—Leaving Train in Motion—Charge.

Though the conductor had promised to slacken the speed of a train sufficiently to permit plaintiff to alight, the carrier was not liable for the injuries resulting from the act of plaintiff in jumping from the train when it was going too fast for safety, without suggestion from the conductor as to the proper time to alight, though his act should be found to be in the exercise of ordinary care.  See charges held erroneous upon this point.  (Pp. 26, 27.)

### 2.—Contributory Negligence—Jumping from Moving Train.

One who, upon a promise of the conductor to slacken the speed of a train to enable him to get off, chose, without the presence or suggestion of the conductor, to jump off the train, at night, when it appeared to him to be moving slowly enough for safety, but was not, and received injuries thereby, contributed to such injury by his own negligence and was precluded there- by from recovery of damages.  (Pp. 26, 27.)

### 3.—Negligence—Speed of Train—City Ordinance.

A passenger injured by jumping from a train running more than six miles an hour, within the limits of a city having an ordinance prohibiting a higher speed than that, can not rely upon such unlawful speed as consti- tuting actionable negligence, such ordinance being for the protection of persons on or crossing the tracks, and not of passengers desiring to alight elsewhere than at stations.  (Pp. 27, 28.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Navarro County.

Highnote sued the railway company for damages for injury to the person.  Plaintiff had judgment and it was affirmed on appeal.  Ap- pellant, defendant below, then obtained writ of error.

*E. B. Perkins* and *Frost & Neblett,* for plaintiff in error.—The charge of the court complained of is error, for which the judgment should be reversed, because it required the conductor *to use reasonable dili- gence and care to carry out the agreement and to afford Highnote an opportunity to alight in safety* and at the same time *allowed Highnote to choose the time and place in departing from the train.*  The charge does not apply to the evidence and is confusing and misleading.  Crav- ens v. Wilson, 48 Texas, 325; Texas & P. Ry. Co. v. Wisenor, 66 Texas, 674.

The charge of the court complained of is error and requires a re- versal of the judgment, because it allows appellee to recover if he used ordinary care in judging and determining the speed of the train and believed it had been slowed up for him to depart therefrom, notwith- standing it was going too fast for him to safely alight therefrom, and notwithstanding he may have assumed all risk in departing from the moving train, and was to rely upon his own judgment as to the speed of the train, and not that of the conductor.  Gulf, C. & S. F. Ry. Co. v.

Gray, 63 S. W. Rep., 928; Ft. Worth & D. C. R. R. Co. v. Gary, 4 Texas, Ct. Rep., 887.

The charge of the court complained of is error, for which the judgment should be reversed, because it makes appellant liable if the conductor knew, or ought to have known in the use of ordinary care, that the train was going faster than was safe, and faster than was agreed upon, at the time appellee departed therefrom, whether he knew, or by the use of reasonable care, ought to have known, that appellee intended to depart at the time he did depart, or knew when he did depart from the train. Gulf C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365.

The charge of the court is error for which the judgment should be reversed, because it fixes the rate of six miles an hour as a safe rate of speed for persons to depart from moving trains within the corporate limits of the city of Corsicana, when the object of the ordinance under consideration was not to fix a speed rate safe for persons to depart from moving trains, but to protect persons passing along or over the road in the city, and also to protect passengers in the train by putting the train more fully under the control of the engineer. Mills v. M. K. & T. Ry. Co., 94 Texas, 242; Kirby v. Boylston Market Association, 14 Gray, 249; VanDyke v. Cincinnati, 17 Am. Rep., note, 616.

It was error in the court to submit the question of the violation of a city ordinance for the consideration of the jury, because such ordinance was not made for the protection of the plaintiff and its violation can give him no cause of action. It is a penal law directed against the operatives of trains. Mills v. M. K. & T. Ry. Co., 94 Texas, 242; Moran v. Pullman Palace Car Co., 36 S. W. Rep., 659; Sanders v. Southern Electric Ry. Co., 48 S. W. Rep., 855.

The verdict of the jury is contrary to and unsupported by the evidence, in this: the evidence shows that plaintiff assumed all risk in departing from the train at the time and under the conditions he did depart therefrom, with knowledge of the danger and with means of knowing the danger of such act. Ely v. Railway Co., 15 Texas Civ. App., 511; Missouri, K. & T. R. R. Co. v. Wood, 35 S. W. Rep., 879; Texas & P. Ry. Co. v. Bryant, 8 Texas Civ. App., 134; Gulf C. & S. F. Ry. Co. v. Gray, 63 S. W. Rep., 928; Texas & P. Ry. Co. v. Bradford, 66 Texas, 732; Louisville N. A. & C. Ry. Co. v. Corps, 114 Ind. 427; Coombs v. New Bedford Cordage Co., 102 Mass., 572.

The court erred in overruling and not granting appellant's motions for new trial, because the verdict of the jury is contrary to and not supported by the evidence in this; the evidence shows that the plaintiff negligently alighted from the train at a time when it was moving too fast for him to depart therefrom in safety, and that he both knew this and with the use of ordinary care could have known this fact. Rodriquez v. Ry. Co., 3 Texas Ct. Rep., 197; Shannon v. Ry. Co., 70 S. W. Rep., 626; Houston & T. C. Ry. Co. v. Martin, 21 Texas Civ. App., 209.

*Richard Mays* and *D. G. Grantham,* for defendant in error.—There is no error in the charge because, when considered with reference to other portions of the charge, it did not permit Highnote to choose the occasion of his departure from the train, except at the place agreed

on, to wit, near the school building. Under the agreement Highnote had the right to get off if the train undertook to slow down at any point near the school building.

The charge, if error, is harmless under the undisputed facts, because the train undertook to slow down at the very place agreed on, to wit, near the school building, thus inviting Highnote to get off. And when it had *reached its slowest speed,* defendant in error alighted.

Under the facts, Highnote was a passenger on the train, and it was at least the duty of the employes of plaintiff in error to use ordinary care to have the train running at such speed near the school building as that Highnote could have alighted with safety in the use of ordinary care.

Under the facts, Highnote was a passenger and was rightfully on the train. Hutchinson on Carriers, secs. 566, 564 and 563; Gulf C. & S. F. Ry. Co. v. Wilson, 79 Texas, 371; Prince v. Railway Co., 64 Texas, 144; Woolsey v. Railway Co., 25 Law Rep. Ann., 79; Note, Burbank v. Railway, 11 Law Rep. Ann., 720; Note, Dewire v. Railway, 2 Law Rep. Ann., 166; Am. and Eng. Ency. of Law, 486 and 495.

It was the duty of the conductor to at least use reasonable care in carrying out the agreement and afford Highnote an opportunity to safely alight from the train. San Antonio St. Ry. Co. v. Watzlavzick, 28 S. W., 115; International & G. N. Ry. Co. v. Welch, 86 Texas, 203; Levy v. Campbell, 19 S. W., 438; Ry. Co. v. Worthington, 21 Md., 288; Galveston, H. & S. A. Ry. Co. v. Horne, 69 Texas, 643; International & G. N. Ry. Co. v. Halloren, 53 Texas, 53; Fordyce v. Withers, 1 Texas Civ. App., 544; Dillingham v. Wood, 8 Texas Civ. App., 74.

The court properly charged as a matter of law, that it would be negligence to run the train faster than six miles an hour, and if the proximate cause of plaintiff's injury, he could recover, and properly admitted the ordinance of the city fixing the rate of speed. Gulf C. & S. F. Ry. Co. v. Holt, 70 S. W. Rep., 591; Missouri, K. & T. Ry. Co. v. Owens, 75 S. W. Rep., 579; Gulf C. & S. F. Ry. Co. v. Pendery, 14 Texas Civ. App., 60; Gulf C. & S. F. Ry. Co. v. Matthews, 66 S. W. Rep., 588.

BROWN, Associate Justice.—We adopt the following statement from the opinion of the Court of Civil Appeals:

"The appellee sued appellant to recover damages for personal injuries alleged to have been occasioned by the negligence of appellant's servants.

"Appellant answered by demurrers, contributory negligence and assumed risk. Judgment in favor of appellee.

"The evidence shows that in December, 1901, the conductor of one of appellant's east bound passenger trains, at Corsicana, agreed to carry appellee and one Martin, another policeman, out about the east side school house in said city, they being on the lookout for pickpockets. The conductor agreed that he would slack up enough for them to get off with safety at the place mentioned, and he so informed the engineer of this arrangement. Before reaching the place agreed upon, Martin jumped off. Appellee went down on the steps of the coach and

concluding that the train was running too fast for him to alight in safety returned within the coach and pulled the bell cord. The coach began to slow up and when the speed had reached its lowest, as appellee thought, he alighted from the train and was injured. At the time he alighted the train was running at a speed of more than six miles an hour and too fast to alight in safety, but it was a dark night and appellee could not tell and thought it was safe to do so. An ordinance of the city of Corsicana made it a penalty for operators of trains to run trains faster than six miles an hour within the corporate limits. The conductor was not present when appellee alighted and had no knowledge of his going to alight further than shown by the agreement that he would slack up at that point."

Plaintiff in error complains of the following paragraphs of the charge given by the court to the jury: "If the plaintiff was on the train under an arrangement with the conductor, as alleged, he was rightfully on the train and it was the duty of the conductor to use reasonable diligence and care to carry out the agreement and to afford plaintiff an opportunity to safely alight, provided he, himself, should exercise reasonable care in the choosing of the occasion and in the doing of the act. Such arrangement would not bind the conductor to make the exit of the plaintiff safe, but only by reducing the speed of the train, if it was going too fast, to give the plaintiff what reasonably appeared to the conductor a chance to get off in safety in the use of ordinary care on plaintiff's part." "If the speed of the train was too fast for a person of ordinary prudence to undertake to alight, and if plaintiff did not know nor believe it was going too fast for him to safely alight, his want of knowledge or belief did not excuse his act, unless he used ordinary care in judging and determining, and did in fact reasonably believe that the train had been slowed up for him to get off and that its speed was such that he could safely do so."

The effect of the foregoing charges was to inform the jury that the plaintiff had the right to choose the time and place of his departure from the train without the knowledge or concurrence of the conductor. By the terms of these charges the conductor was eliminated altogether from the transaction, and the railroad company was made liable for the mistake of the plaintiff, provided only, that he used reasonable care in choosing the place, the manner of leaving the train, and in determining as to the speed at which the train was running. In other words, under the two charges the plaintiff could recover if he used ordinary care in determining whether or not he had arrived at the proper place for disembarking and if he used due care in determining that the train was running at a safe speed for him to alight, although the conductor might have thought—and he testified that he did—that the speed of the train was too great for safety in leaving it. In adopting that theory of the case the Honorable District Court committed error. The plaintiff himself swore that the conductor was not present when he jumped from the train; that he did not consult him with regard to the propriety of so doing, and had no advice or invitation from any person to depart at that time and place, but, for himself, he decided that the train was running slow enough to justify him in jumping from it to the ground. He acted strictly upon his

own judgment in so doing and the railroad company can not be held liable for the results which flowed from such acts. The plaintiff by his own testimony was guilty of contributory negligence in the act of alighting from the train. Thompson's Carriers of Passengers, p. 227-228; Beach on Contributory Negligence, sec. 53, p. 156; Houston & T. C. Ry. Co. v. Leslie, 57 Texas, 83; Pennsylvania Ry Co. v. Aspell, 23 Pa. St., 147; Morrison v. Erie Ry. Co., 56 N. Y., 302; Burrows v. Erie Ry. Co., 63 N. Y., 556; Lambeth v. N. C. Ry. Co., 66 N. C., 494.

After stating the general principles of law upon the question under consideration in the case of Railway Company v. Aspell, before cited, Judge Black stated the rule applicable to the facts in this case in the following language: "From these principles, it follows very clearly that if a passenger is negligently carried beyond the station where he intended to stop, and where he had a right to be let off, he can recover compensation for the inconvenience, the loss of time, and the labor of traveling back, because these are the direct consequences of the wrong done to him. But if he is fool-hardy enough to jump off without waiting for the train to stop, he does it at his own risk, because this is gross imprudence, for which he can blame nobody but himself. If there be any man who does not know that such leaps are extremely dangerous, especially in the dark, his friends should see that he does not travel by railroad."

By his own evidence it is shown that Highnote did not act upon the suggestion of the conductor or any trainman in the employ of the defendant. On the contrary, by using the bell, he undertook to do that which under the agreement it was the duty of the conductor to do; that is, to cause the train to reduce its speed and to determine when that speed had reached a safe point at which he would be permitted to leave the train. Having assumed to perform these acts himself instead of calling upon the conductor to do so, and, having by his own judgment determined the proprietry of his act, his injury was the result of his own conduct. "There is no form of action known to the law (and the wit of man can not invent one) in which the plaintiff will be allowed to recover for an act not done or caused by the defendant, but by himself." Railway Co. v. Aspell, supra.

The fifth paragraph of the court's charge submits in different form the same theory; that is, that the plaintiff had the right to determine when and at what speed he could leave the train. Plaintiff testified that he rang the bell for the engineer to "slow up," and, in response, the train began to slacken its speed; but the court charged the jury, in effect, to find for plaintiff if he believed the train was being checked under the agreement for him to get off, and that it was safe for him to do so. This charge was erroneous for the reason that it authorized the plaintiff to recover against the defendant for the results of relying upon his own act and not upon the act or advice of the defendant or its employes, in checking the train.

By the twelfth paragraph of the court's charge, the jury were told, in substance, that if they believed from the evidence that the place where plaintiff leaped from the train was within the limits of the city of Corsicana, and that the train at the time was running at a speed

in excess of six miles per hour, and if they further believed that the injury to the plaintiff resulted from the excessive speed of the train, he would be entitled to recover, because of the violation of the ordinance. This charge ignores the agreement to stop the train, and virtually asserts that a passenger on a train passing through the city of Corsicana may, without the knowledge of the conductor or other employe, alight from the moving train, and, if the train be running at a speed greater than six miles per hour, the railroad company would be liable for injuries caused thereby. The general rule is that a passenger who leaves a train while in motion takes the risk of injury. There are exceptions not necessary to be mentioned. The purpose of the ordinance was to protect persons who might be lawfully upon or crossing the track, but it has no reference to passengers upon moving trains who might wish to get off while in motion. Therefore there was no duty on the part of the defendant railway company to the plaintiff to run its train at a speed less than six miles per hour, and negligence in the violation of that ordinance can not be imputed in favor of the plaintiff to give him a right of action for the injury received in leaving the train in that instance. St. Louis S. W. Ry. Co. v. Pope, 12 Texas Ct. Rep., 512.

There are many other grounds of error assigned, but it is not probable that the same questions will arise in another trial, especially in view of what we have said of the law that governs the rights of the parties. We therefore deem it unnecessary to discuss the numerous questions presented by the application.

It is ordered that the judgments of the District Court and the Court of Civil Appeals be reversed and that this case be remanded.

*Reversed and remanded.*